Gary **PIWONKA**, Individually and as next friend of Michelle Piwonka, a minor,

v.

The **TIDEHAVEN INDEPENDENT SCHOOL DISTRICT**, James Devant, Debra Taska, and Katherine Boyett.

Civil Action No. G–97–32.

United States District Court,
S.D. Texas,
Galveston Division.

April 15, 1997.

---

42. Mem. in Supp. of Defs.' Mot. for Partial Summ. J. at 4.

43. *Id.*

46. *Id.*

Laurence Wade Watts, Watts & Associates, Houston, TX, for Plaintiff.

Merri Schneider–Vogel, Bracewell and Patterson, Houston, TX, for Tidehaven Independent School Dist.

James Edwards Byrom, Eubank and Byrom, Austin, TX, Merri Schneider–Vogel, Bracewell and Patterson, Houston, TX, for James Devant.

### ORDER OF DISMISSAL

KENT, District Judge.

In this action, Plaintiff recently filed an Opposed Motion for Leave to File Plaintiff's First Amended Complaint seeking to substantially increase the scope of this litigation by adding numerous defendants and causes of action. Because of the liberal construction of FED. R. CIV. P. 15, the Court allowed the Plaintiff to file his First Amended Complaint. In considering that Motion and its Response, however, the Court *sua sponte* elected to unilaterally review the entire file in this case. In doing so, the Court finds that there are a few kernels of concern within the Plaintiff's First Amended Complaint. For that reason, the Court wants to place those legitimate claims into the proper tribunal for as swift an adjudication as possible. However, beyond those very few kernels, the Court finds the Plaintiff's First Amended Complaint to be a remarkably overblown litigation exercise. The Plaintiff attempts to turn a simple tort action into a constitutional debate, ostensibly

because of the triggering of entitlement to attorney's fees. This Court has neither the time nor the inclination to embark on such a debate. Accordingly, for the reasons set forth below, all of the Plaintiff's federal claims are hereby **DISMISSED WITH PREJUDICE.** The Court declines to exercise supplemental jurisdiction over any claims based in state law, and those claims are **DISMISSED WITHOUT PREJUDICE.** The parties may file an action in state court to recover under any applicable state law theories.

■ As their first cause of action, Plaintiff alleges that the Defendants Tidehaven Independent School District (TISD) and Principal Debra Taska (Taska) are liable under sexual harassment and hostile environment theories under Title IX and 42 U.S.C. § 1983. In support of these theories, Plaintiff alleges that Michelle Piwonka was sexually assaulted on school property by other students on two separate occasions. However, the Fifth Circuit has clearly articulated that:

> [i]n the case of peer sexual harassment, a plaintiff must demonstrate that the school district responded to sexual harassment claims differently based on sex. Thus, a school district might violate title IX if it treated sexual harassment of boys more seriously than sexual harassment of girls, or even if it turned a blind eye toward sexual harassment of girls while addressing assaults that harmed boys.

*Rowinsky v. Bryan Independent School District*, 80 F.3d 1006, 1016 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 165, 136 L.Ed.2d 108 (1996). Plaintiff has completely failed to allege any facts which might support such a claim. Therefore, because the Plaintiff's sexual harassment and hostile environment claims pursuant to Title IX and § 1983 fail as a matter of law, those federal claims are **DISMISSED WITH PREJUDICE.** However, the Court does not condone or sanction the conduct described in the Plaintiff's First Amended Complaint. The Court encourages the Plaintiff to strongly consider seeking appropriate criminal charges or pur-

suing state law assault claims against the offending students in the proper state law tribunals.

■ Next, the Plaintiff alleges that Defendants TISD, Taska, and Teacher Katherine Boyett are liable under § 1983 and the Fourteenth Amendment for violating Michelle Piwonka's "constitutional property interest in a fair and impartial cheerleading tryout." This claim is **DISMISSED WITH PREJUDICE** as asinine on its face. There is no such property interest protected by the United States Constitution. Moreover, this Court will not waste its valuable time and limited resources on exploring the constitutional implications of whether or not someone gets to be a cheerleader. The Plaintiff also alleges state law claims of civil conspiracy and intentional infliction of emotional distress against Defendants Taska and Boyett in relation to the "cheerleader tryout fraud." The Court declines to exercise supplemental jurisdiction over these claims and they are **DISMISSED WITHOUT PREJUDICE.**

■ Pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, Plaintiff next alleges that Defendants TISD and Taska violated Michelle Piwonka's constitutional liberty interests. In support of this theory, Plaintiff points to an incident where Michelle Piwonka was placed in school detention for five days for the possession of alcohol. Although deprivations of liberty in the school context may implicate both procedural and substantive due process interests,[1] these rights are circumscribed by the need for effective and often immediate action by school officials to maintain order and discipline. *Hassan,* 55 F.3d at 1080–81. *De minimus* or trivial deprivations of liberty in the course of the disciplining of a student do not implicate procedural due process requirements. *Id.; see also Dunn v. Tyler Independent School Dist.,* 460 F.2d 137, 144 (5th Cir.1972). Likewise punishment does not implicate substantive due process concerns unless the action is "arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conductive to

1. *Wood v. Strickland,* 420 U.S. 308, 326, 95 S.Ct. 992, 1003, 43 L.Ed.2d 214(1975); *Hassan v. Lubbock Independent School Dist.,* 55 F.3d 1075, 1081 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 532, 133 L.Ed.2d 438 (1995).

learning." *Id.* (*citing Jefferson v. Ysleta Independent School Dist.*, 817 F.2d 303, 305–06 (5th Cir.1987)).

The Plaintiff here has made no allegations that the school district failed to use or misused any procedural process in the disciplining of Michelle Piwonka. Moreover, the Plaintiff does not indicate that during her detention, Michelle was in anyway physically restrained or physically or psychologically abused. Plaintiff also states that Michelle was under the supervision of an adult chaperon, although that person was not always present. Finally, five days of in-school detention for the possession of alcohol does not on its face rise to the level of an arbitrary and capricious action which is wholly unrelated to the legitimate state goal of maintaining an atmosphere conductive to learning. The Fifth Circuit has stated, and this Court wholeheartedly agrees, that "school disciplinary matters are best resolved in the local community and within the school system." *Mitchell v. Board of Trustees of Oxford Municipal Separate School Dist.*, 625 F.2d 660, 664 (5th Cir.1980) (*citing Lee v. Macon County Board of Education*, 490 F.2d 458, 460 (5th Cir.1974)). The Court is not in the business of micro-managing middle schools. For all of the above reasons, the Plaintiff's federal claims in connection with Michelle Piwonka's detention are **DISMISSED WITH PREJUDICE.** The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims of false imprisonment and intentional infliction of emotional distress. Therefore, those claims are **DISMISSED WITHOUT PREJUDICE.**

 Finally, pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, Plaintiff Gary Piwonka alleges that TISD and Defendant James Devant violated his constitutional right to free speech. Plaintiff claims that at some unspecified time during or after a school board meeting, Dr. Devant, a school board member, struck him. To state a cause of action under § 1983, the plaintiff must allege that some person acting under color of any "statute, ordinance, regulation, custom, or usage" has deprived him of a federal right. 42 U.S.C. § 1983; *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir.), *cert. denied*, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994). First of all, the Plaintiff here has not named any statute, ordinance, regulation or custom of the TISD School Board pursuant to which Dr. Devant struck Mr. Piwonka.[2] Moreover, it is unclear to this Court how this assault has in any way deprived Mr. Piwonka of his constitutional right to free speech. Plaintiff has made no allegation of deterrence of speech, nor that such deterrence was a substantial or motivating factor in officer's conduct. Accordingly, the Plaintiff has failed to state a claim upon which the Court can grant relief. Therefore, the Plaintiff's federal free speech claims are also **DISMISSED WITH PREJUDICE.** In doing so, the Court does not sanction the violent behavior described and encourages Plaintiff to consider seeking criminal charges or other state law claims in the proper state law tribunals. Furthermore, the Court declines to exercise supplemental jurisdiction over the state law battery and intentional infliction of emotional distress claim related to the assault, and those claims are **DISMISSED WITHOUT PREJUDICE.**

In summary, to the extent that the Plaintiff has brought federal claims against the Tidehaven Independent School District or School Board in any capacity, those claims are hereby **DISMISSED WITH PREJUDICE.** Likewise, to the extent that Plaintiff has pled any federal claims against any individual defendant in their individual or official capacity, those claims are hereby **DISMISSED WITH PREJUDICE.** Thus, any and all claims arising from the U.S. Constitution or federal statutes, in particular 42 U.S.C. § 1983, are hereby **DISMISSED WITH PREJUDICE.** To the extent that Plaintiff has brought claims against any Defendant under state law, the Court has declined to exercise supplemental jurisdiction and those claims are hereby **DISMISSED WITHOUT PREJUDICE.** Finally, the parties are **ORDERED** to file nothing further

2. Assuming that the alleged assault took place, it seems axiomatic to the Court that Dr. Devant clearly acted outside the scope of his official duties on the school board, and such independent action cannot impute to the school board. As a school board member, in no way was Dr. Devant authorized to employ the use of force in discharging any of his duties.

with this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course. All parties shall bear their own costs incurred herein to date.

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Court's Order entered this date, to the extent that the Plaintiff has brought federal claims against the Tidehaven Independent School District or School Board in any capacity, those claims are hereby **DISMISSED WITH PREJUDICE.** Likewise, to the extent that Plaintiff has pled any federal claims against any individual defendant in their individual or official capacity, those claims are hereby **DISMISSED WITH PREJUDICE.** Thus, any and all claims arising from the U.S. Constitution or federal statutes, in particular 42 U.S.C. § 1983, are hereby **DISMISSED WITH PREJUDICE.** To the extent that Plaintiff has brought claims against any Defendant under state law, the Court has declined to exercise supplemental jurisdiction and those claims are hereby **DISMISSED WITHOUT PREJUDICE.** Finally, the parties are **ORDERED** to file nothing further with this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course. All parties shall bear their own costs incurred herein to date.

**IT IS SO ORDERED.**