Sonya D. ARUNDAR, b/n/f Freya Arundar, Plaintiff-Appellant,

v.

DeKALB COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.

No. 79-3078

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 30, 1980.

Smith, Edgerton, Longabaugh & Hendon, W. Larue Boyce, Jr., Decatur, Ga., for plaintiff-appellant.

Lokey & Bowden, Glenn Frick, Robert P. Bleiberg, Atlanta, Ga., for defendants-appellees.

Before FRANK M. JOHNSON, Jr., GARZA and THOMAS A. CLARK, Circuit Judges.

THOMAS A. CLARK, Circuit Judge:

In the district court the plaintiff, a high school student, sued the defendants seeking damages because she allegedly was denied the right to enroll in certain courses of study, thus preventing her continuation on to higher education in a highly technical field. Jurisdiction is invoked under 42 U.S.C. §§ 1983, 1985, 1986. The defendants filed various pleadings, including a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Defendants filed contemporaneously a brief in support of their motion. Rule 91.2 of the Local Rules of the Northern District of Georgia requires a plaintiff to file an opposing brief in ten days. "Failure to file a response shall indicate that there is no op-

* Fed.R.App.Proc. 34(a); 5th Cir. Local R. 18.

position to the motion." *Id.* Plaintiff's attorneys did not file a brief, and the court dismissed with prejudice for failure to comply with the rule.

We hold that the plaintiff's complaint fails to state a cause of action but that the trial court should have dismissed without prejudice.

The pertinent portions of plaintiff's Complaint appear in paragraphs 14, 15, and 16 as follows:

14.

Upon admission to Briarcliff High School Plaintiff requested that her daughter be enrolled in certain courses of study in order to fullfil [sic] her wishes to continue on to higher education, college, in a highly technical field. Plaintiff specified certain requested, desired, and necessary subjects on behalf of her daughter in order that she could achieve her goals.

15.

Defendants capriciously, arbitrarily, willful [sic] and wantonly disregarded Plaintiff's aforesaid requests and placed Plaintiff's daughter in courses of study not suited or directed to Plaintiff's daughter's goals.

16.

Plaintiff's daughter will be unable to pursue the career she has chosen for herself due to defendants' failure to place her in her requested courses of study. Such actions amount to depriving Plaintiff of her right to property.

Appellant cites us to only one case in support of the Complaint, and this is *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). That case affirmed a three-judge district court decision which held that the public schools in Ohio could not suspend a pupil for misconduct for up to ten days, or expel him, without notice of the proposed school action and an opportunity for the student and parents to be heard, with exceptions for emergencies. The appellant-school board contended that there was no

constitutional right to an education at public expense and that the due process clause does not protect against expulsions from the public school system. The Supreme Court had the following to say:

This position misconceives the nature of the issue and is refuted by prior decisions. The Fourteenth Amendment forbids the State to deprive any person of life, liberty, or property without due process of law. Protected interests in property are normally "not created by the Constitution. Rather, they are created and their dimensions are defined" by an independent source such as state statutes or rules entitling the citizen to certain benefits. [Citation omitted.]

Accordingly, a state employee who under state law, or rules promulgated by state officials, has a legitimate claim of entitlement to continued employment absent sufficient cause for discharge may demand the procedural protections of due process. [Citations omitted.]  .  .  .

Here, on the basis of state law, appellees plainly had legitimate claims of entitlement to a public education. Ohio Rev.Code Ann. §§ 3313.48 and 3313.64 (1972 and Supp.1973) direct local authorities to provide a free education to all residents between five and 21 years of age, and a compulsory-attendance law requires attendance for a school year of not less than 32 weeks. Ohio Rev.Code Ann. § 3321.04 (1972).

419 U.S. at 572–73, 95 S.Ct. at 735.

■ The missing ingredient in plaintiff's Complaint is that there is no allegation of any "independent source such as state statutes or [other] rules" entitling the plaintiff to the particular course of study which she claims has been denied her. In the absence of such an entitlement, plaintiff's wishes with respect to a particular curriculum choice, no matter how great that desire might be, do not, under *Goss*, amount to a "property" interest for Fourteenth Amendment purposes. We take judicial notice of the fact that many states do mandate special education for exceptional children. If,

for example, plaintiff had alleged that she was gifted with extraordinary musical talents *and* that a Georgia statute or regulation required local school boards to provide special education for such gifted students, plaintiff might then be able to state a claim for relief on the basis that state officials had denied her an entitlement under state law. As noted, however, the Complaint contains no such allegation. The Complaint alleges neither discrimination nor unequal treatment.

We recognize and applaud the policy underlying Local Rule 91.2 in the Northern District of Georgia. A trial court should have the benefit of briefs from both sides in ruling on a motion. Otherwise, the trial court does not even have the benefit of the one case that was cited by the appellant to us on this appeal. Without a brief, a trial court often cannot understand the legal grounds of a plaintiff's complaint without much independent labor of its own, and our courts are too burdened to require the courts to do the work of counsel for the parties as all counsel and citizens are well aware. But we think that the sanction of dismissal with prejudice, especially in light of the uncertain and conclusory nature of the Complaint, is too harsh a penalty under these circumstances. *See Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247–48 (5th Cir. 1980).

We affirm dismissal of the case because the Complaint so clearly fails to state a cause of action. We note parenthetically that it does not state that plaintiff sought administrative relief for such special classes she might have wanted, even if such an entitlement exists. We remand the case, letting the dismissal stand, but permitting the plaintiff to refile in a new cause of action any complaint she might otherwise have. The district court is directed to modify its judgment so as to be without prejudice.

Judgment MODIFIED and AFFIRMED.