**Dan NEVARES, Individually and as Next Friend of Timothy Nevares, a Minor**

v.

**SAN MARCOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, et al.**

**Civil No. A–96–CA–093 JN.**

United States District Court,
W.D. Texas,
Austin Division.

May 16, 1996.

John P. Bennett, San Marcos, TX, for plaintiff.

Dorcas A. Green, Walsh, Anderson, Underwood, Schulze and Aldridge, P.C., Austin, TX, for defendants.

Katherine A. Antwi, Office of the Attorney General, Austin, TX, for intervenor.

Denise Nance Pierce, TASB Legal Assistance Fund, Austin, TX, for amici Texas Association of School Boards, Texas Association of School Administrators, Texas Council of School Attorneys.

Edward Tuddenham, Wiseman, Durst, et al., Austin, TX, for amicus Texas Federation of Teachers.

## AMENDED ORDER AND FINAL JUDGMENT

NOWLIN, District Judge.

Before the Court are the Motions for Summary Judgment filed on April 8, 1996 by Plaintiffs Dan and Timothy Nevares, Defendant San Marcos Consolidated Independent School District (SMCISD), and the Intervenor, the Texas Education Agency (TEA) on April 8, 1996. Also before the Court is the Brief of Amicus Curiae Texas Federation of Teachers. After carefully considering all the pleadings, the arguments of counsel, and the applicable law, the Court finds that Plaintiffs' Motion for Summary Judgment should be granted.

### Background

This cause was filed by Dan Nevares, "individually, and as next friend for Timothy Nevares." Timothy Nevares is a fifteen year old enrolled in the 10th grade at San Marcos High School. On January 23, 1996, Timothy allegedly threw rocks at an automobile causing injury to a passenger. None of the alleged activity occurred on school property or while Timothy was attending a school-related activity. The Hays County District Attorney has not instituted proceedings against Timothy.

On February 12th, the police offense report concerning this incident was furnished to San Marcos Consolidated Independent School District (SMCISD) as mandated by Article 15.27(a) of the Texas Code of Criminal Procedure. The report stated that Timothy had been detained for committing a felony offense, namely aggravated assault, in violation of the Texas Penal Code.

The following day, pursuant to Section 37.006(a) of the Texas Educational Code, the School District notified Timothy that he would be removed from regular classes at San Marcos High School and placed in Rebound, an alternative education program. Section 37.006 mandates that any student who has engaged in conduct punishable as a felony shall be removed from class and placed in an alternative education program. The Education Code does not provide for

notice to the student or a hearing prior to placement in such a program.

On February 14th, Plaintiffs filed a Petition for Declaratory Judgment, Temporary Restraining Order, Temporary and Permanent Injunction in the Hays County Court at Law asserting that Section 37.006(a) violates Article I, Section 19 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution because it fails to provide for any measure of due process prior to an alternative education placement. On February 20th, Defendant removed the cause to this Court on the basis of federal question jurisdiction.

On February 29, 1996, a hearing was held on Plaintiffs' Motion for Preliminary Injunction. On March 1, 1996, the Court entered an Order granting Plaintiffs' Motion for Preliminary Injunction and enjoining the School District from removing Timothy from his classes at San Marcos High, placing him in an alternative education program, or interfering with his participation in school-sponsored activities. In as there are no factual issues to be resolved, the Court ordered the Parties to file Motions for Summary Judgment on March 7, 1996.

Plaintiffs seek a declaratory judgment that Section 37.006(a) of the Texas Education Code is unconstitutional, a permanent injunction enjoining the enforcement of Section 37.006, and attorney's fees and costs.

### Motions for Summary Judgment

Plaintiffs move for summary judgment on the grounds that Section 37.006(a) violates the Fourteenth Amendment to the United States Constitution in that it fails to provide for any measure of due process prior to a student's placement in an alternative education program. Plaintiffs argue that students have both a protected property interest and a protected liberty interest in public education deserving of due process guaran-

tees. Plaintiffs assert that placement in alternative education will cause Timothy Nevares irreparable harm for which he has no adequate remedy at law, namely damage to his reputation and good name, the negative impact to his grades and future prospects, and the continuing deprivation of his constitutional rights.

In their Motions for Summary Judgment, Defendant and Intervenor argue that Section 37.006(a) does not violate the Fourteenth Amendment because it does not deny students access to public education, but rather allows school administrators to control the placement of students within the public education system. They argue that Timothy Nevares has neither a property interest nor a liberty interest in his placement at San Marcos High School as opposed to another campus.[1] Defendant and Intervenor further contend that Timothy will not suffer irreparable injury as a result of his transfer to Rebound because the program is comparable to his current curriculum.

Section 37.006(a) of the Texas Education Code states in relevant part:

> ... a student shall be removed from class and placed in an alternative education program as provided by Section 37.008 if the student engages in conduct punishable as a felony, ....

The Education Code does not provide for notice or a hearing prior to the student's placement in an alternative education program. This is a mandatory removal provision and applies independently of any criminal proceeding. Therefore, if a school administrator determines that a student engaged in particular conduct off of school grounds, that determination is sufficient to support removal.

The only procedural safeguard in place with respect to this provision is Section 37.009(e) which states:

---

1. Defendant also argues that the statute does not deny Timothy Nevares substantive due process. The Plaintiffs have never asserted a denial of substantive due process, so the Court need not address this argument. Defendant further argues that Section 37.006(a) survives constitutional scrutiny in that the State has a rational basis for its enaction and the statute does not have to meet criminal constitutional restraints and standards. The Court agrees. At issue here, however, is not whether the legislature can enact a provision such as Section 37.006(a), but whether the provision must be enforced consistently with constitutional safeguards. Therefore, the Court need not address these arguments either.

A student placed in an alternative education program under ... Section 37.006 shall be provided a review of the student's status by the board's designee at intervals not to exceed 120 days.

Section 37.009(b) does provide for notice to a student's parent or guardian and an opportunity to participate in a proceeding before the board of trustees or its designee, as provided by the policy of the board, but only if the student's placement in an alternative education program is to extend beyond the next grading period. In other words, the longer the intended removal, the more process the student is afforded. Any decision by the board or its designee under this section is final and may not be appealed.

### Analysis

Plaintiffs argue that the Education Code fails to provide the student with any form of due process prior to a placement in alternative education and, therefore, Section 37.006(a) violates the Fourteenth Amendment to the U.S. Constitution. Defendant argues that Plaintiffs cannot establish a protected property or liberty interest in Timothy's present educational placement entitling him to due process protections.

In *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), the Supreme Court addressed the question of whether students have a protected property and/or liberty interest in public education deserving of due process protections. In *Goss*, the Supreme Court held that the State must recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away for misconduct without adherence to the minimum procedures required by that Clause. *Id.* at 574, 95 S.Ct. at 736. The Supreme Court also held that a protected liberty interest is implicated where the State unilaterally and without process determines that student misconduct has occurred because, if sustained and recorded, those charges could seriously damage the

student's standing with his fellow pupils and teachers, as well as interfere with later opportunities for higher education and employment. *Id.* at 574–575, 95 S.Ct. at 736–737.

The Court ruled that "students facing suspension and the consequent interference with a protected property interest must be given *some* kind of notice and afforded *some* kind of hearing." *Id.* at 579, 95 S.Ct. at 738. Although the timing and content of the notice and the nature of the hearing may vary in each situation, the student must be given some oral or written notice of the charges and an opportunity to explain his position to the school authorities. *Id.* at 582, 95 S.Ct. at 740. The Court indicated that longer suspensions or expulsions would require more formal procedures than the minimum procedures discussed in the opinion. *Id.* at 584, 95 S.Ct. at 741.[2]

*Goss*, however, is distinguishable from the present case in that it dealt with students facing a ten day suspension from public school. The distinction between a suspension and placement in alternative education is most significant with respect to the Supreme Court's finding of a protected property interest. Unlike a suspension, the present situation does not deny the student access to public education altogether for even a limited time, but involves merely a transfer to another educational program. The Fifth Circuit has held that a student is not entitled to participate in a particular curriculum choice and, no matter how great the desire to enroll in certain classes, there does not exist a property interest. *Arundar v. DeKalb County School District*, 620 F.2d 493, 494 (5th Cir.1980). The student's interest is in the educational process itself, not its individual components, so that the student does not have a protectable interest in such things as extra-curricular activities. *Niles v. University Interscholastic League*, 715 F.2d 1027, 1031 (5th Cir.1983), *cert. denied*, 465 U.S. 1028, 104 S.Ct. 1289, 79 L.Ed.2d 691 (1984). The Court is unaware of any case law ad-

---

**2.** The Court also noted that in situations that called for immediate action to establish discipline or order within a school, the school authorities could act prior to taking any procedures to

safeguard the student interest. In such circumstances, however, the necessary notice and hearing should follow as soon as practicable. *Id.* at 582, 95 S.Ct. at 740–41.

dressing a placement in alternative education.

■ It is the Court's opinion that the Supreme Court's holding in *Goss* is applicable here. Removal of a student from regular high school classes for placement in alternative education is a form of punishment. Although a student still receives an education at Rebound, it is not comparable to that received at San Marcos High School. The curriculum at Rebound is designed for students with educational and disciplinary problems. In addition to mandatory counseling sessions and life skills class, students at Rebound are enrolled in four core courses: social studies, science, math, and English. In each of these classes, the students are studying a variety of different subjects. For example, a science class will contain students studying chemistry, physics, biology, and environmental studies. There are only limited lectures and the students work independently from their textbooks. Students receive instruction from the teacher only if he or she comes to a problem in the book. The students must raise their hands if they have difficulty and wait for the teacher to work her way through the other students. A student may wait as long as twenty minutes or more for the instructor, and it is not unheard of for class time to run before the student gets an opportunity to ask the question.

Neither electives nor honors classes are available at Rebound, and the campus does not have a library. Because the curriculum is different at Rebound, students returning to San Marcos High School are behind in their credit hours. Placement in Rebound can result in a student not advancing to the next grade level absent some type of makeup, self-paced, correspondence work. Placement in the alternative education program could prevent a student from graduating on time with his or her classmates.

Rebound students are barred from the San Marcos High School campus and cannot contact their former teachers while they are on school grounds. Students are not allowed to bring any materials from home or to take any materials home with them, including their textbooks which must remain in the classroom. Students at Rebound are not permitted to use ink pens. Students are under constant supervision and are even escorted to the restroom in groups. The Court is of the opinion that a student's protected property interest in a public education is implicated when that student is removed from regular classes and placed in an alternative education program.

■ With respect to a protected liberty interest, the evidence shows that Rebound is a program designed to both help and control problem students. Students are required to undergo counseling and attend lectures on "life skills" for which they receive no credit. A student may be required to undergo some form of drug counseling even if the student's misconduct was in no way connected to controlled substances. At the hearing on Plaintiffs' Motion for Preliminary Injunction, several witnesses testified to the stigma attached to Rebound, namely that students sent there have behavioral problems and are "troublemakers." Although a student's transcript will not reflect the transfer to Rebound, the faculty and students at San Marcos High School will know about the transfer as soon as the student clears out his or her locker, and it is reasonable to assume that a student's placement at Rebound will become common knowledge within the small community of San Marcos. The Court finds that placement in this alternative education program could damage a student's reputation and standing amongst his peers and the faculty, and could negatively impact his future educational and employment opportunities. Therefore, the liberty interest established in *Goss* is implicated.

■ In *Goss*, the Supreme Court states that in determining whether due process requirements apply, the court must look not to the "weight" but to the nature of the interest at stake, and that while the length and consequent severity of the deprivation may be a factor in determining what type of hearing is required, it is not decisive of the basic right to a hearing. *Id.* at 576, 95 S.Ct. at 737. Placement in Rebound is a disciplinary action comparable to a suspension. Under Section 37.006(a), students can be removed from their regular classes for up to twelve weeks,

almost an entire semester, without any form of due process. Although placement in an alternative education program does not deny the student access to the educational process altogether, even for a short period of time, it is a form of punishment which results in an inferior academic experience and can seriously damage the student's reputation, standing, and future prospects.

The Court is not suggesting that the Legislature is unable to mandate removal of a student from classes for off-campus, felonious conduct. The issue here is not whether placement in alternative education programs is a valid, constitutional means of dealing with the growing wave of violence in public schools. The issue is whether such a disciplinary action must be executed consistently with constitutional safeguards. The Court is of the opinion that removal from regular classes for placement in an alternative education program is a form of punishment implicating a student's protected property and liberty interests, and must be exercised in accordance with the due process guarantees afforded students under the United States Constitution. The Court declines to determine what type of process is due the student in this situation, but there must be at least some form of notice and an opportunity to be heard. The student should be afforded notice and hearing prior to removal from classes whenever possible. If prior notice and hearing are not feasible, as where a student presents a threat to others or to the educational process itself, thus justifying immediate removal from the school, due process protections should follow as soon as practicable.

### Conclusion

Section 37.006(a) of the Texas Education Code does not provide for any form of due process either before or immediately following placement in an alternative education program. The Court finds that Section 37.006(a) violates the Fourteenth Amendment and is unconstitutional insofar as it permits the removal of students accused of off-campus, felonious conduct from regular classes for placement in alternative education without notice or hearing. The Court finds that Plaintiffs' Motion for Summary Judgment should be granted.

In light of the above determination, the Court finds that an injunction should issue enjoining the Defendant, the San Marcos Consolidated Independent School District, from enforcing Section 37.006(a) of the Texas Education Code insofar as it mandates placement of students accused of conduct punishable as a felony while off campus in alternative education without the necessary due process protections. The Court further finds that Plaintiffs should recover their attorney's fees and costs.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Section 37.006(a) of the Texas Education Code is unconstitutional insofar as it mandates the removal of students who have engaged in off-campus conduct punishable as a felony from regular classes for placement in an alternative education program without any form of due process.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because Section 37.006(a) of the Texas Education Code does not provide for the requisite due process protections, Defendant San Marcos Consolidated Independent School District is hereby ENJOINED from enforcing the provision with respect to students engaging in off-campus conduct punishable as a felony.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Summary Judgment is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' request for attorney's fees and costs is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant San Marcos Consolidated Independent School District's Motion for Summary Judgment is hereby DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by the Intervenor, the Texas Education Agency, is hereby DENIED.

IT IS FURTHER ORDERED that the above numbered and styled cause of action is

CLOSED and any pending motions are hereby DISMISSED AS MOOT.