**REVISED**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50420

_____

DAN NEVARES, Individually and as
next friend for Timothy Nevares,
a minor,

                                 Plaintiff-Appellee,

                     versus

SAN MARCOS CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT,

                                 Defendant-Appellant,

TEXAS EDUCATION AGENCY,

                                 Intervenor-Appellant.

_____

Appeal from the United States District Court for
the Western District of Texas
_____

April 11, 1997

Before REAVLEY, KING and BARKSDALE, Circuit Judges.

REAVLEY, Circuit Judge:

The district court has declared a Texas statute
unconstitutional because it does not expressly mandate that the
school afford a proper hearing for a student charged with off-
campus conduct punishable as a felony prior to transferring the
student to an alternative education program.  The student was not
transferred to the alternative program, because his father sought

immediate judicial intervention.  We find no constitutional deprivation actual or threatened, and dismiss the case for lack of standing.

High school student Timothy Nevares sued the San Marcos Independent School District challenging his transfer to the Rebound alternative education program and the constitutionality of Texas Educ. Code §37.006(a).  The district court held that the threatened removal from regular classes and assignment to the Rebound program was a form of punishment that impacted the student's protected property and liberty interests.  We disagree.

Timothy Nevares, a 15 year old tenth grade student, was detained for aggravated assault on January 23, 1996 by the San Marcos police.  He reportedly threw stones at a car and injured one of the passengers.  On February 12, 1996, the school received the police report of Nevares' detention and the assistant principal took Nevares from class to question him.  Nevares refused to make any statement at this meeting other than to tell the school authorities to contact his father and lawyer, saying they were getting the matter dismissed.

Thereafter, Nevares' father called the school principal, admitted that the act in question had occurred but maintained that his son's behavior had been in self-defense, and requested a meeting to discuss the situation before the school took any action.  The principal explained that according to school regulations, once there was reason to believe an aggravated assault had been committed, Timothy would be reassigned to the

2

alternative education program.  When the principal confirmed with the juvenile authorities that the aggravated assault charge on Nevares was still pending, he decided to transfer Timothy to the Rebound program.  Nevares promptly sued.

At the threshold we must decide whether any constitutional injury is presented and whether Nevares has standing to sue for a declaratory judgment on the unconstitutionality of the statute or for a permanent injunction against the school district.  Federal courts have no jurisdiction under Article III § 2 of the Constitution unless a case or controversy is presented by a party with standing to litigate, and this requires a showing of "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent."  *Arizonans for Official English v. Arizona.*[1]

The Supreme Court has held that the suspension from school without some kind of notice and hearing may violate property and liberty interests.[2]  The state statute to which the Court pointed in *Goss* gave students the entitlement to a public education.  Timothy Nevares is not being denied access to public education, not even temporarily.  He was only to be transferred from one school program to another program with stricter discipline.  This alternative program is maintained by Texas schools for those students whose violations of the law or the school's code of

---

[1]  117 S.Ct. 1055, 1067 (1997)(quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) and *Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990)).

[2]  *Goss v. Lopez,* 419 U.S. 565 (1975).

conduct fall short of triggering suspension or expulsion, but who for reasons of safety and order must be removed from the regular classroom.[3]

Today it is generally recognized that students are being deprived of their education by lack of discipline in the schools.[4] Not only does disorder interfere with learning school studies, it also defeats the charge to "inculcate the habits and manners of civility." *Veronia School District 479 v. Acton.*[5]

We have previously held that no protected property interest is implicated in a school's denial to offer a student a particular curriculum.[6] In *Arundar*, a high school student had claimed that her property right to education was implicated when she was denied enrollment in certain courses of study. We affirmed the district court's dismissal of the case and held that although state law could create a protected interest in a particular kind of education, for example by mandating special education for exceptional children, absent such a basis in state law, there was no cause of action. This court has also rejected arguments that there is any protected interest in the separate components of the educational process, such as participation in

---

[3] Tex. Educ. Code §§ 37.001 - 37.011.

[4] Anne Proffitt Dupre, *Should Students Have Constitutional Rights? Keeping Order in Public Schools,* 65 Geo. Wash. L. Rev. 49 (1996).

[5] 115 S.Ct. 2386, 2392 (1995)(quoting *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 681 (1986)).

[6] *Arundar v. DeKalb Cty. School Dist.,* 620 F.2d 493 (5th Cir. 1980).

4

interscholastic athletics.[7]  The Tenth Circuit has held that a student does not have a constitutional right to particular incidents of education such as sports or advanced placement classes or attending a particular school.[8]  A transfer to a different school for disciplinary reasons has also been held not to support the court's jurisdiction on constitutional grounds.[9]

We recognize the importance of trust and confidence between students and school administrators.  For that reason the student and parents must be treated fairly and given the opportunity to explain why anticipated assignments may not be warranted.  But that is for Texas and the local schools to do.  We would not aid matters by relegating the dispute to federal litigation.  And because the United States Constitution has not been offended in the present dispute, we retire from it.

JUDGMENT REVERSED.  CASE DISMISSED.

---

[7]  *Walsh v. Louisiana High Sch. Athletic Ass'n*, 616 F.2d 152 (5th Cir. 1980).

[8]  *Seamons v. Snow*, 84 F.3d 1226, 1234-1235 (10th Cir. 1996).

[9]  *Zamora v. Pomeroy,* 639 F.2d 662, 669-670 (10th Cir. 1981).