**Dr. Julia HANKINS, Principal, Grant Middle School and Corpus Christi Independent School District, Appellants,**

v.

**P.H.[1] as Next Friend of P.J.H., a Minor Child, Appellee.**

**Nos. 13–99–162–CV, 13–99–165–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1999.

---

1. To protect the privacy of the minor child, we identify the appellee and the child by initials only.

Audrey Mullert Vicknair, Paul W. Nye, Chaves, Gonzales & Hoblit, Corpus Christi, Rudy Gonazles, Jr., Chaves, Gonzales Rodriguez, Corpus Christi, Ylise Y. Janssen, Linda Flores Resendez, Corpus Christi, for Appellants.

Jeanne Chastain, Christopher E. McJunkin, Corpus Christi, for Appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and RODRIGUEZ.

## O P I N I O N

Opinion by Justice YAÑEZ.

Appellants, Dr. Julia Hankins and the Corpus Christi Independent School District, appeal from a temporary injunction and supplemental temporary injunction enjoining them from removing P.J.H. from Grant Middle School or placing him in in-school suspension, and ordering him returned to his regular classroom instruction. We dissolve the temporary injunctions.

School district officials claimed P.J.H. engaged in repeated incidents of inappropriate sexual contact and sexual harassment over a two-week period. P.J.H., a twelve-year-old student attending seventh grade at Grant Middle School, admitted to touching female classmates on their bottoms and once on the breast. P.J.H. re-

2. P.J.H. was to be placed in the alternative

ceived a three-day suspension, pending administrative review and a final determination of the appropriate disciplinary measure. Dr. Hankins, principal at Grant Middle School, concluded that P.J.H.'s behavior violated the district's student code of conduct, and that he should be placed at the district's alternative campus. Pending transfer to the alternative campus, P.J.H. was placed in the school's in-school suspension program. P.J.H.'s parents requested and received two separate hearings before the school district board of trustees, which upheld the proposed transfer to an alternative campus. Appellee, P.H., as next friend of P.J.H., then filed an action in district court and obtained district court orders temporarily enjoining P.J.H.'s placement in an alternative education program. The school district appealed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(4) (Vernon Supp. 1999).

By five issues, appellants contend the trial court did not have jurisdiction to review the district's disciplinary action and appellee failed to meet his burden in seeking injunctive relief. We hold judicial review is precluded under these circumstances, and therefore, we need not address appellants' other issues. *See* TEX. R.APP. P. 47.1.

Chapter 37 of the education code establishes the disciplinary consequences for specific conduct and the procedural due process entitled to any student punished under this chapter. *Aledo Independent School Dist. v. Reese,* 987 S.W.2d 953, 956 (Tex.App.—Fort Worth 1999, pet. denied). The Texas Education Code provides in relevant part:

§ 37.009.  Conference, Hearing, Review

. . . .

(b) If a *student's placement in an alternative education program* is to extend beyond the end of the next grading period,[2] a student's parent or guardian is

program for eighteen weeks. The district's

entitled to notice of and an opportunity to participate in a proceeding before the board of trustees of the school district or the board's designee, as provided by policy of the board of trustees of the district. Any decision of the board or the board's designee under this subsection is *final and may not be appealed.*

. . . .

(f) *Before a student may be expelled under Section 37.007,* the board or the board's designee must provide the student a hearing at which the student is afforded appropriate due process ... [I]f *the decision to expel* a student is made by the board's designee, the decision may be appealed to the board. The decision of the board *may be appealed by trial de novo to a district court* of the county in which the school district's central administrative office is located.

TEX. EDUC.CODE ANN. § 37.009 (Vernon 1996 & Supp.1999) (emphasis added).

Section 37.007, entitled "Expulsion for Serious Offenses," provides for mandatory expulsion under certain circumstances. TEX. EDUC.CODE ANN. § 37.007 (Vernon Supp.1999). P.J.H.'s disciplinary action does not derive from the mandatory expulsion provisions, and therefore subsection (f) of Section 37.009 is inapplicable to him.

The education code specifically requires school districts to establish standards for student conduct and to specify the circumstances and conditions under which a student may be removed from a classroom and placed in an alternative education program. TEX. EDUC.CODE ANN. § 37.001 (Vernon Supp.1999). In this case, the district's parent and student handbook specifies that board policy permits placement in an alternative education program if a student engages in inappropriate physical or sexual contact or sexual harassment. The disciplinary action in this case is governed by Section 37.001, and therefore, subsection (b) of Section 37.009 applies.

The Fort Worth Court of Appeals recently addressed the issue of judicial review of school district disciplinary measures that do not rise to the level of expulsion. *Reese,* 987 S.W.2d at 953. There the trial court enjoined the school district's removal of a student from his regular classes and his placement in an alternative education program. *Id.* at 954. The Fort Worth Court concluded that subsections (b) and (f) of Section 37.009 were unambiguous and given the plain meaning of the statute, disciplinary actions involving mere placement in an alternative education program are not reviewable by a court of law. We agree with the Fort Worth Court's reasoning that any other interpretation of subsections (b) and (f) would place the provisions in direct conflict with each other and would disregard the clear intent of the Legislature. *Id.* at 958. Appellee cites us to no cases in which a trial court has been held to have jurisdiction to review the disciplinary measures of a school district that do not rise to the level of expulsion and we have found none.

We hold the trial court lacked jurisdiction to review the school district's disciplinary determination involving transfer to an alternative education program within the district. Accordingly, we sustain appellants' first issue.

The trial court's temporary injunctions are DISSOLVED.

student and parent handbook provides for six-    week grading periods.