**STAFFORD MUNICIPAL SCHOOL DISTRICT, Appellant,**

v.

**L.P. and Y.P., As Next Friends of L.P., Appellees.**

No. 14–01–00113–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 6, 2001.

560

Michael Deponte, Eric William Schulze, Austin, for appellants.

Laurence W. Watts, Missouri City, for appellees.

Panel consists of ANDERSON, HUDSON, and FROST, JJ.

## OPINION

J. HARVEY HUDSON, Justice.

Appellees, L.P. and Y.P., as next friends of their minor son, L.P., filed suit against appellant, Stafford Municipal School District (the "District"), for the District's failure to inform them of their right to appeal the decision to transfer L.P., an eighth grade student at Stafford Middle School, to the District's alternative education program ("AEP"). In this interlocutory appeal, the District complains of the trial court's denial of its plea to the jurisdiction. We reverse and remand.

## I. BACKGROUND

On February 21, 1997, L.P. was arrested by the Stafford police for "keying" two cars in the parking lot at the school and charged with felony criminal mischief. On February 24, 1997, L.P.'s mother, Y.P., met with the school's principal, David Pirtle, and assistant principal, Marva Raspberry. Pirtle and Raspberry informed Y.P. that L.P. would be assigned to twenty days in the District's alternative education program ("AEP") because he had been charged with a felony, but failed to inform her of the right to appeal the assignment as provided for by the District's policies.[1] Subsequently, the felony charge against

L.P. was reduced to a misdemeanor and was eventually dismissed.

L.P. sought a declaratory judgment that the District violated his constitutional rights and an injunction requiring the District to expunge its disciplinary records concerning L.P.'s assignment to AEP.[2] The District moved for summary judgment on all of L.P.'s claims. The trial court granted the District's motion for summary judgment, in part, and denied it, in part, with respect to L.P.'s due process claim that the District failed to notify him of the right to appeal the assignment to AEP.[3] The District then filed a plea to the jurisdiction on L.P.'s due process claim, asserting that L.P. failed to state a cause of action within the subject matter jurisdiction of the trial court. The trial court denied the District's plea to the jurisdiction.[4]

## II. STANDARD OF REVIEW

◼ Subject matter jurisdiction is essential to the court's power to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea to the jurisdiction challenges the court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). When deciding a plea to the jurisdiction, the trial court looks solely to the allegations in the

---

1. L.P. states he served additional days in AEP. According to L.P., he received an additional day when a teacher overheard L.P. say to himself, "Oh man!" and other additional days because students in AEP can only be reassigned to their regular classes at the week's end.

2. Because L.P. also asserted certain claims under federal law, the District removed the case to United States District Court. After L.P.'s federal law claims were dismissed, his state law claims were remanded to state court. L.P. also sued the City of Stafford Police Department and Gary Rotan, the District's Superintendent. The Stafford Police

Department apparently settled L.P.'s claims, and the trial court granted summary judgment on all of L.P.'s claims against Rotan.

3. The trial court's order stated, "Such claim is limited to Plaintiffs' assertion that they were not provided notice of their right to appeal Minor Plaintiff's placement in the Stafford Municipal District Alternative Education Program."

4. The District also asserted L.P. failed to exhaust his administrative remedies. The District, however, appears to have abandoned this ground on appeal.

petition, accepting those allegations as true, without considering the merits of the case. *Harris County v. Proler,* 29 S.W.3d 646, 647 (Tex.App.—Houston [14th Dist.] 2000, no pet.). Whether the court has subject matter jurisdiction is a matter of law and, therefore, the granting or denial of a plea to the jurisdiction is subject to de novo review. *Harris County v. Cypress Forest Pub. Util. Dist. of Harris County,* 50 S.W.3d 551, 553 (Tex.App.—Houston [14th Dist.] 2001, no pet.)

## III. DUE PROCESS

■ The District contends the right to appeal the assignment of a student to an alternative education program does not involve a constitutionally protected property or liberty interest. The requirements of procedural due process apply only to the deprivation of interests protected under Article I, Section 19 of the Texas Constitution. *University of Tex. Med. Sch. at Houston v. Than,* 901 S.W.2d 926, 929 (Tex.1995); *see also Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (stating plaintiff must allege deprivation of sufficient property or liberty interest to invoke protection of due process clause).[5]

The Texas Education Code provides that a student who engages in certain conduct, including acts punishable as a felony, may be removed from class and transferred to AEP. *Aledo Indep. Sch. Dist. v. Reese,* 987 S.W.2d 953, 956 (Tex.App.—Fort Worth

1999, pet. denied). Section 37.006(a) of the Education Code states, in relevant part:

(a) Except as provided by Section 37.007(a)(3) or (b), a student shall be removed from class and placed in an alternative education program as provided by Section 37.008 if the student commits the following on or within 300 feet of school property, . . . or while attending a school-sponsored or school-related activity on or off of school property:

(1) engages in conduct punishable as a felony.

TEX. EDUC.CODE ANN. § 37.006(a)(1) (Vernon Supp.2001). The District transferred L.P. to AEP on the charge of having committed an act punishable as a felony.

■ L.P. alleges he was denied his property and liberty interest in a public education by his placement in AEP. In his response to the District's plea to the jurisdiction, L.P. cites *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), in support of this contention. In *Goss,* the United States Supreme Court held that the temporary suspension of ten high school students without the benefit of any hearing was a deprivation of a protected property and liberty interest. *Goss,* 419 U.S. at 576, 95 S.Ct. 729.[6]

■ Texas has created an entitlement to free public education and unless otherwise exempt, school attendance is compulsory.[7] "[P]rotected property rights are

---

5. Although Article I, Section 19 of the Texas Constitution is textually different from the Fourteenth Amendment to the United States Constitution in that it refers to "due course" rather than "due process," these terms are without meaningful distinction. *Than,* 901 S.W.2d at 929. Therefore, in matters of procedural due process, Texas courts have followed federal due process interpretations of procedural due process issues. *Id.*

6. *Goss* involved a state-created property interest because the State of Ohio provides free education to all children between the ages of six and twenty-one. *Goss,* 419 U.S. at 567, 95 S.Ct. 729.

7. *See* TEX. EDUC.CODE ANN. § 4.001 (explaining mission statement and goals for equal access to public education); § 25.001 (providing for admission to public schools); § 25.085 (providing for compulsory school attendance) (Vernon 1996 & Supp.2001); *Littlefield v.*

affected and due process protections are required when the discipline imposed amounts to a *deprivation of access* to education." *Riggan v. Midland Indep. Sch. Dist.*, 86 F.Supp.2d 647, 655 (W.D.Tex. 2000) (emphasis added). Transferring a student from regular classes to AEP does not impact a protected property interest implicating due process concerns. *See Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26–27 (5th Cir.1997). In *Nevares*, a student who had been detained by police for aggravated assault was assigned to AEP. *Id.* at 26. The Fifth Circuit observed that as a threshold matter, it must first determine whether there was any "constitutional injury." *Id.* Distinguishing *Goss*, the *Nevares* court explained that the student was not being denied access to public education, even temporarily, but, instead, was being transferred from one school program to another program with stricter discipline. *Id.* Texas schools maintain alternative education programs for those students whose violations of the law or the school's code of conduct fall short of triggering suspension or expulsion, but who, for reasons of safety and order, must be removed from the regular classroom. *Id.* (citing Tex. Educ.Code Ann. §§ 37.001 to 37.011).[8] Therefore, the student's transfer to AEP did not trigger due process interests. *Id.* at 27.

■ "When assignment to an alternative education program effectively acts as an exclusion to the educational process, due process rights may be implicated." *Riggan*, 86 F.Supp.2d at 655. However, here, as in *Nevares*, L.P. was not excluded from the educational process. Other than alleging that he was not provided with an "appropriate education," which is not a protected property interest, L.P. has not otherwise alleged that he was excluded from the educational process for the twenty days he was in AEP.[9] Therefore, because L.P.'s transfer to AEP did not involve a property or liberty interest, the failure to inform him of his right to appeal the transfer did not deprive him of a constitutionally protected interest.

■ L.P. also argues he was deprived of a liberty interest in his reputation not being harmed. " 'Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him,' the minimal requirements of the Clause must be satisfied." *Id.* (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971)). In *Goss*, the Supreme Court observed that if the students' suspensions were sustained and recorded, "those charges could seriously damage the students' standing with their fellow pupils and their teachers as well as interfere with later opportunities for higher education and employment." *Id.* at 575, 95 S.Ct. 729.

---

*Forney Indep. Sch. Dist.*, 108 F.Supp.2d 681, 688 (N.D.Tex.2000), *aff'd*, 268 F.3d 275 (5th Cir.2001).

8. The transfer from regular classes to AEP is distinguishable from an expulsion from the school's campus. *Hankins v. P.H.*, 1 S.W.3d 352, 354 (Tex.App.—Corpus Christi 1999, pet. denied); *Reese*, 987 S.W.2d at 954; *Sutton v. Katy Indep. Sch. Dist.*, 961 S.W.2d 216, 217–18 (Tex.App.—Houston [1st Dist.] 1997, no writ).

9. *See also Seamons v. Snow*, 84 F.3d 1226, 1234–35 (10th Cir.1996) (holding student did not have constitutional right to specific components of education, including right to attend particular school); *Zamora v. Pomeroy*, 639 F.2d 662, 669–70 (10th Cir.1981) (holding transfer to different high school for disciplinary reasons did not deprive student of education because he was not separated from educational process, but completed it); *Arundar v. DeKalb County Sch. Dist.*, 620 F.2d 493, 494–95 (5th Cir.1980) (holding denial of enrollment in particular course of study does not implicate protected property interest).

Since *Goss*, however, the Supreme Court has cautioned that the words "liberty" and "property" do not single out "reputation as a candidate for special protection over and above other interests that may be protected by state law." *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). In other words, damage to an individual's reputation alone, apart from some more tangible interest, is not enough to establish a due process violation. *Id.; Seamons*, 84 F.3d at 1235. Indeed, the Supreme Court acknowledged that its prior statement in *Constantineau*, "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and opportunity to be heard are essential," could be construed to mean that if a government official defames a person, without more, the procedural requirements of due process are brought into play. *Paul*, 424 U.S. at 708, 96 S.Ct. 1155. With respect to its decision in *Goss*, the Supreme Court in *Paul* explained that in stating that charges of misconduct could damage a student's reputation, the *Goss* court also "took care to point out that Ohio law conferred a right upon all children to attend school, and that the act of suspending the student there involved resulted in a denial or deprivation of that right." *Id.* at 710, 96 S.Ct. 1155.[10]

Here, as previously determined, L.P.'s transfer to AEP did not involve a constitutionally protected property or liberty interest. Therefore, in the absence of any other deprivation of a protected property or liberty interest, L.P. has no liberty interest in his reputation entitled to due process protection. *See Seamons*, 84 F.3d at 1235 (citing *Paul*, 424 U.S. at 701, 96 S.Ct. 1155) (holding to extent student was deprived of reputation or standing in community as result of defendant's conduct, he still failed to state procedural due process claim).

## IV. CONCLUSION

The District's first and second issues are sustained. Accordingly, we reverse the trial court's order denying the District's plea to the jurisdiction, and we remand this matter to the trial court with instructions to enter an order dismissing appellees' procedural due process claim against the District for lack of jurisdiction.

---

10. In *Than*, the Texas Supreme Court addressed whether a medical student, who was dismissed for cheating on an exam, has a constitutionally protected liberty interest in his graduate education. *Than*, 901 S.W.2d at 930. After observing that a medical student charged with academic dishonesty faces damage to his reputation and the loss of his chosen profession, the court held a medical student has such a protected liberty interest in his graduate education. *Id.* The court did not address whether there is a property interest in a graduate education. *Id.* at n. 1. Here, however, no protected property or liberty interest is implicated by L.P.'s assignment to AEP. *See Nevares*, 111 F.3d at 27.