Dale FLYNN and Dale Flynn, Jr.

v.

**TERREBONNE PARISH SCHOOL BOARD**

No. Civ.A. 03–2500.

United States District Court, E.D. Louisiana.

Nov. 2, 2004.

James Rene Williams, Lazarus, Brown & Williams, Houma, LA for Plaintiffs.

## ORDER AND REASONS

VANCE, District Judge.

Before the Court is plaintiffs Dale Flynn and Dale Flynn, Jr.'s motion for a new trial. By Order and Reasons dated September 8, 2004, the Court granted defendant Terrebonne Parish School Board's motion for summary judgment. For the following reasons, the Court DENIES plaintiffs' motion.

Because there was no trial, plaintiffs' motion for a "new trial" following summary judgment is inappropriate. The Court will, however, construe the motion as a motion to "alter or amend the judgment" pursuant to Rule 59(e). *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785, n. 1 (5th Cir.1996) (holding that a motion for reconsideration styled as a motion for a new trial following a summary judgment was correctly analyzed as a Rule 59(e) motion to reconsider entry of summary judgment).

■ A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir.1993); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (en banc). A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly. *See Fields v. Pool Offshore,* No. Civ. A. 97–3170, 1998 WL 43217 at *2 (E.D.La. Feb. 3, 1998), *aff'd,* 182 F.3d 353 (5th Cir.1999); *Bardwell v. George G. Sharp, Inc.,* Civ. A. No. 93–3590, 1995 WL 517120, at *1 (E.D.La. Aug. 30, 1995). The court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Bohlin,* 6 F.3d at 355. Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co. v. Omni Bank,* No. Civ. A. 99–1167, 1999 WL 970526, *3 (E.D.La. Oct. 21, 1999); *Jupiter v. BellSouth Telecomms., Inc.,* No. Civ. A. 99–0628, 1999 WL 796218, at *1 (E.D.La. Oct. 5, 1999); *Burma Navigation Corp. v. Seahorse,* No. Civ. A. 94–0795, 1998 WL 781587, at *1 (E.D.La. Nov. 3, 1998); *Fields,* 1998 WL 43217, at *2.

■ Plaintiffs fail to offer any evidence or arguments that merit reconsideration. Plaintiffs state that their grounds for a new trial are that the Court made imper-missible findings of fact in its order granting summary judgment and that the Court erred when it relied on *Nevares v. San Marcos Consolidated Independent School District,* 111 F.3d 25, 27 (5th Cir.1997).

Plaintiffs allege that the Court made the following impermissible findings of fact in its order granting summary judgment: (1) that Flynn was not denied an education because he was awarded a high school diploma and then enrolled in college; (2) that Flynn received an appropriate education despite being transferred to an alternative school; (3) that plaintiffs pointed to no record evidence to support their contention that Flynn's transfer amounted to an expulsion; and (4) that Flynn was tried and acquitted of the rape charge in November of 2002, when actually he was acquitted in November of 2003. None of these arguments justify the Court's reconsideration of its order.

Plaintiffs' first three contentions address the paragraph of the Court's order in which it found that plaintiffs had failed to produce evidence that Flynn's transfer to an alternative school affected his protected interest in receiving an education. That Flynn was awarded a high school diploma and enrolled in college appeared in defendant's statement of undisputed facts and was uncontroverted by plaintiffs. Contrary to plaintiffs' assertions, the Court did not make a factual finding that Flynn was not denied an education or that he received an appropriate education despite the transfer. Rather, the Court found that plaintiffs failed to produce any record evidence that would raise a genuine issue as to whether the transfer was a serious deprivation of access to education, tantamount to expulsion, such that it affected Flynn's property interest in receiving an education.[1] The fact that Flynn received a

---

1. Plaintiffs not only failed to produce any

evidence that Flynn's transfer amounted to an

diploma and enrolled in college is evidence that the transfer did not affect Flynn's property interest in receiving an education, because it shows that he successfully completed his education. The Court's conclusion that plaintiffs failed to produce evidence that would rebut that evidence and raise a genuine issue as to whether Flynn's transfer deprived him of access to education is not an impermissible finding of fact. Rather, it is a legal conclusion that plaintiffs failed to withstand summary judgment because they failed to produce evidence sufficient to raise a genuine issue as to an essential element of their due process claim.

Plaintiffs are correct that the Court erred when it stated that Flynn was acquitted of the rape charge in November of 2002, when he was actually acquitted in November of 2003. The Court fails to see how this error affects the ruling on summary judgment. The Court did not, as plaintiffs suggest, assume that Flynn acquiesced to the transfer. The Court finds that the date of Flynn's acquittal is not a material fact and concludes that the error does not require reconsideration of the Court's order.

Plaintiffs also argue that the Court erred in relying on *Nevares v. San Marcos Consolidated Independent School District,* 111 F.3d 25, 27 (5th Cir.1997). Plaintiffs note that the state statute in that case permitted the school to transfer a student to an alternative school if the student was charged with a felony, and they argue that Flynn's transfer was improper because the Louisiana statute does not specifically permit transfers for that reason. In its order, the Court relied on *Nevares* for the principle that a transfer to an alternative school does not deprive a student of a protected property interest in receiving an edu-

cation. The particular provision of state law that defendant relied on to transfer Flynn is irrelevant to the analysis of Flynn's federal constitutional due process claim. That claim fails because a student who is transferred is not denied access to education, and the transfer therefore does not affect a property interest protected by due process, regardless of whether the transfer is authorized by a state statute.

Nothing in plaintiffs' motion for reconsideration demonstrates that the motion is necessary to correct a manifest error of fact or law, that plaintiffs presents newly discovered or previously unavailable evidence, that the motion is necessary in order to prevent manifest injustice, or that the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co.,* 1999 WL 970526, at *3. Therefore, the Court denies plaintiffs' motion to reconsider its September 8, 2004 order.

---

expulsion, but they also conceded in their opposition to defendant's motion for sum-

mary judgment that Flynn was not expelled.