**Opinion filed March 5, 2015**



In The

# Eleventh Court of Appeals
_____

## No. 11-13-00328-CV
_____

## IN THE MATTER OF J.A.S., A JUVENILE

**On Appeal from the Juvenile Court**
**Taylor County, Texas**
**Trial Court Cause No. 4502-J**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating a juvenile of delinquent conduct. The jury found that Appellant, a juvenile, engaged in delinquent conduct by committing graffiti "on a school," a state jail felony. *See* TEX. PENAL CODE ANN. § 28.08(d) (West 2011). Based in part on the jury's findings, the trial court committed Appellant to the Texas Juvenile Justice Department until his nineteenth birthday or until duly discharged. In a single issue, Appellant argues that the trial court erred by denying his request for the jury to be charged on the lesser included offense of graffiti with a pecuniary loss of less than $500, a Class B misdemeanor. *Id.* § 28.08(b)(1). We affirm.

*Background Facts*

Although Appellant does not challenge the sufficiency of the evidence, we will briefly address the evidence presented at trial. Taylor County Learning Center (TCLC) is a juvenile justice alternative education program. TCLC accepts students that have been expelled from other Taylor County schools and is mandated by the Juvenile Justice Code. TEX. EDUC. CODE ANN. § 37.011 (West 2012).

Lynn Broyles, the facility administrator for TCLC, testified that on the morning of December 12, 2012, Appellant refused to go to class. Appellant then asked to use the restroom down the hall. After exiting the bathroom, Appellant reentered the restroom again. When Appellant exited the bathroom the second time, Broyles noticed a "Sharpie" in his pocket. Broyles asked Appellant why he had a Sharpie, and Appellant responded that he had done some "tagging" in the restroom. Broyles then entered the bathroom and saw graffiti above the urinal and on the wall by the sink. Broyles testified that the marks were difficult to remove. Nancy Key, the TCLC receptionist, removed the graffiti in March 2013 by using several "Magic Eraser" cleaning pads.

*Analysis*

Appellant was charged with committing graffiti on a school, a state jail felony. PENAL § 28.08(d). This subsection makes the offense of graffiti a state jail felony if it is committed "on a school" and the amount of pecuniary loss is less than $20,000. Appellant argues that the lesser included offense of a Class B misdemeanor should have been included in the court's charge. A Class B misdemeanor applies when the pecuniary loss is less than $500 and the graffiti is not committed on a school. *Id.* § 28.08(b)(1).

We apply the *Aguilar/Rousseau*[1] test to determine whether an instruction on a lesser included offense should be given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). This is a two-prong test: the first prong is to determine "if the proof necessary to establish [the elements of] the charged offense also includes the lesser offense." *Id.* If this threshold is met, then we must consider "whether the evidence shows that if the Appellant is guilty, he is guilty only of the lesser offense." *Id.* With respect to the first prong, "[a]n offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). There is no question that the offense of graffiti on a school alleges all of the elements of the Class B misdemeanor offense. *See* PENAL § 28.08(b)(1), (d)(1). Accordingly, Appellant's issue focuses on the second prong of the *Aguilar/Rousseau* test. Under this prong, we must determine whether there is some evidence that would permit a rational jury to find that, if the appellant is guilty, he is only guilty of the lesser offense. *Cavazos*, 382 S.W.3d at 383. This is a question of fact that is based on the evidence at trial. *Id.*

A defendant is entitled to an instruction on a lesser included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser offense, regardless of whether the evidence is weak, impeached, or contradicted. *Id.* (citing *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985)). Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on a lesser offense. *Id.* at 385. However, there must be more than mere speculation that both raises the lesser included offense and rebuts or negates an element of the greater offense. *Id.*

---

[1]*See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

Appellant premises his contention on the argument that the jury "could have found that a marking 'on the bathroom wall of a school' was not a marking 'on a school.'" He also cites the "rule of lenity" discussed in *In re M.S.*, No. 02-11-00041-CV, 2012 WL 335864, at \*3 (Tex. App.—Fort Worth Feb. 2, 2012, no pet.) (mem. op.), in support of his contention. Under this rule, ambiguities in a penal provision are resolved in favor of the accused. *Ex parte Forward*, 258 S.W.3d 151, 157 (Tex. Crim. App. 2008) (Johnson, J., dissenting) (citing *Ladner v. United States*, 358 U.S. 169, 178 (1958)). We note at the outset that the Fort Worth Court of Appeals considered the rule of lenity with respect to the "markings made on a school" provision in Section 28.08(d)(1). *M.S.*, 2012 WL 335864, at \*3. The court rejected an application of the rule of lenity on the basis that the "on a school" element of the graffiti statute is unambiguous. *Id.* We agree with the analysis of our sister court because "on a school" is not ambiguous. The phrase encompasses both the actual walls of the facility and those attachments that are incorporated as part of the school. *Id.*

In order to resolve Appellant's complaint, we must determine whether there was some evidence in the record that would have permitted a rational jury to find that, if Appellant was guilty, he was only guilty of committing graffiti on something other than "on a school." The evidence shows that Appellant marked on the bathroom walls of TCLC with an indelible marker. Section 28.08(e)(5) defines a school as "a private or public elementary or secondary school." TCLC is governed by Section 37.011 of the Education Code. Both the Fifth Circuit and a sister appellate court have determined that alternative education programs are still schools that provide education, albeit in a stricter disciplinary setting. *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26–27 (5th Cir. 1997); *Stafford Mun. Sch. Dist. v. L.P.*, 64 S.W.3d 559, 562–63 (Tex. App.—Houston [14th Dist.] 2001, no pet.). TCLC sends attendance to the Taylor County school system,

reports grades every six weeks, and handles truancy issues similar to other Taylor County schools. Thus, TCLC is a school under the definition in Section 28.08(e)(5) of the Penal Code.

The bathroom wall is clearly "on a school" because it is an actual wall in the school. *M.S.*, 2012 WL 335864, at *3. There is no evidence in the record rebutting or negating the "on a school" element of the offense. Accordingly, Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


March 5, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5