OPINION HEADING PER CUR 









                NO. 12-06-00195-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN
RE: JONATHAN MILLER,       §          ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



OPINION








            In this original proceeding, Relator Jonathan Miller
seeks a writ of mandamus requiring the trial court to vacate its order granting
State Farm Insurance Company’s motion to sever and abate Miller’s claims for
extracontractual damages until his claims for uninsured motorist benefits have
been adjudicated.[1]  For the reasons set forth below, we deny
Miller’s petition. 

 

Background

            On May 3, 2004, Miller was rear ended on Highway 175 in
Henderson County by Julie Knox.  Ten days
later Miller notified State Farm by certified letter that Knox was uninsured
and that he would be pursuing a claim under the uninsured motorist provision (“UIM”)
of his State Farm automobile insurance policy. 
Miller later filed suit against State Farm for breach of contract under
the UIM provision of the policy alleging that he incurred medical expenses of
$6,650.56 and that State Farm had offered only $5,000.00 to settle his
claim.  








            After State Farm answered Miller’s original petition,
Miller filed his First Amended Petition, alleging a bad faith cause of action
against State Farm.  Specifically, Miller
alleged that in failing to offer more than $5,000.00 to settle his UIM claim,
State Farm engaged in certain unfair settlement practices that are prohibited
by Texas Insurance Code section 541.060. 
However, Miller’s First Amended Petition did not include his previously
alleged breach of contract claim.  State
Farm responded by asking Miller to sign a stipulation that he was no longer
seeking damages under the UIM provision of his policy.  Miller refused to do so, saying that there
was a four year statute of limitations on the contract claims, but only a two
year statute of limitations on his insurance code claims.

            State Farm filed a counterclaim seeking a declaratory
judgment related to Miller’s UIM claims. 
It also filed a motion to sever and abate Miller’s extracontractual
claims until his UIM claims had been adjudicated.[2]  The
trial court entered an order granting State Farm’s motion.  This original proceeding followed.

 

Availability of Mandamus

            A writ of mandamus will issue only if the trial court has
committed a clear abuse of discretion and the relators have no adequate remedy
by appeal.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).  The trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992).  The
party challenging the trial court’s decision must establish that the facts and
law permit the trial court to make but one decision.  In re University Interscholastic League,
20 S.W.3d 690, 692 (Tex. 2000). 

 

Abuse of Discretion

            A separate trial of any claim or issue may be ordered by
the trial court in furtherance of convenience or to avoid prejudice.  Tex.
R. Civ. P. 174(b); see also Guaranty Fed. Sav. Bank v. Horseshoe
Operating Co., 793 S.W.2d 652, 658 (Tex. 1990) (controlling reasons for
severance are to do justice, avoid prejudice, and further convenience).  Severance of claims under the Texas Rules of
Civil Procedure rests within the sound discretion of the trial court.  Liberty Nat’l Fire Ins. Co. v. Akin,
927 S.W.2d 627, 629 (Tex. 1996). 

            Insurance is a contract by which one party, for
consideration, assumes a particular risk on behalf of another party and
promises to pay him a certain or ascertainable sum of money on the occurrence
of a specified contingency.  Employers
Reinsurance v. Threlkeld & Co., 152 S.W.3d 595, 597 (Tex. App.–Tyler
2003, pet. denied).  A claim for UIM
benefits is contractual in nature.  In
re Trinity Universal Ins. Co., 64 S.W.3d 463, 467 (Tex. App.–Amarillo
2001, orig. proceeding).  In order to
establish a UIM claim, the claimant must prove not only that the UIM driver
negligently caused the accident that resulted in the covered damages, but also
that all applicable policy provisions were satisfied.  Id.  A breach of insurance contract claim,
including UIM benefits, is separate and distinct from a bad faith claim.  See id.

            The Texas Supreme Court has recognized that a severance
may be necessary in some bad faith cases in the insurance context.  Liberty Nat’l Fire Ins., 927
S.W.2d at 630.  A trial court will
undoubtedly confront instances in which evidence admissible only on the bad
faith claim would prejudice the insurer to such an extent that a fair trial on
the contract claim would become unlikely. 
Id.  One example
would be when the insurer has made a settlement offer on the disputed contract
claim.  Id.

            This is the situation that the trial court faced in the
instant case.  Our two sister courts in
Houston have previously encountered a similar situation.  See United States Fire Ins. Co. v.
Millard, 847 S.W.2d 668 (Tex. App.–Houston [1st Dist.] 1993, orig.
proceeding); State Farm Mut. Auto. Ins. Co. v. Wilborn, 835
S.W.2d 260 (Tex. App.–Houston [14th Dist.] 1992, orig. proceeding).  Both courts determined that without a
severance of the contractual claims from the extracontractual claims (i.e., bad
faith claims), both parties would lose substantial rights.  United States Fire Ins., 847
S.W.2d at 675; State Farm Mut. Auto. Ins., 835 S.W.2d at 262.

 

Either
a trial court refuses to admit evidence of settlement offers, thereby
acknowledging [a] defendant’s right under [Texas] Rule [of Civil Procedure] 408
to exclude such evidence but denying a plaintiff the right to use it to
establish essential elements of a bad faith claim; or the trial court admits
evidence of settlement offers, satisfying [a] plaintiff’s proof requirements
but abrogating [a] defendant’s right to exclude such evidence. 

 

United States Fire Ins., 847
S.W.2d at 673.  

            Miller argues that he does not need to prevail on his
contract claim before he pursues a bad faith claim.  To support this argument, Miller relies on Rocor
International, Inc. v. National Union Fire Insurance Company, 77 S.W.3d
253 (Tex. 2002).  However, Rocor states
that “to establish liability thereunder for the insurer’s failure to reasonably
attempt settlement of a claim against the insured, the insured must show that
(1) the policy covers the claim, . . .”  Id.
at 255.  Therefore, contrary to Miller’s
contention, Rocor supports State Farm’s argument that to prevail
on a bad faith claim, a plaintiff must show that there is a contract between
the insurance company and the insured covering the claim.  See id.  Moreover, our supreme court has recently
iterated that bad faith claims are negated by a lack of coverage under the
insurance policy.  See Progressive
County Mut. Ins. Co. v. Boyd, 177 S.W.3d 919, 922 (Tex. 2005).

            Miller further contends that we should liberally construe
the pertinent insurance code provisions to allow him to pursue his bad faith
claims before adjudicating his UIM claims. 
See Tex. Ins. Code §
541.008 (Vernon Pamph. Supp. 2005) (requiring liberal construction of Chapter
541 to promote its underlying purposes). 
However, we note that the purpose of Chapter 541 is to regulate trade
practices in the business of insurance.  See
id. § 541.001.  As stated
earlier, insurance by its very definition involves a contract between two
parties.  See Employers Reinsurance,
152 S.W.3d at 597.  No matter how
liberally we might construe an insurance code provision, a contract underlies
any cause of action involving insurance. 
This is an inescapable fact.  

            Miller further states that the limitations period for bad
faith claims and breach of contract claims are different, being two and four
years respectively.  He interprets this
to mean that an insured is not required to bring a breach of contract claim
prior to bringing a bad faith claim. However, Miller cites no authority or
calls any legislative history to our attention to support this
proposition.  Therefore, we will not
address it other than to say that we can think of no rational nexus between the
limitations period for these two causes of action and the discretion of a trial
court in deciding whether these two causes of action will be tried together.

            In this proceeding, Miller had the burden to show that
under the facts and law, the trial court had no discretion to grant State Farm’
s motion to sever and abate Miller’s extracontractual claims until his contract
claims had been adjudicated. However, case law supports the trial court’s order
granting State Farm’s motion. 
Consequently, Miller has not shown that the challenged order is an abuse
of the trial court’s discretion.

Conclusion

            Miller has not shown that the trial court abused its
discretion by granting State Farm’s motion to sever and abate Miller’s bad
faith claims until his contract claims have been adjudicated.  Because Miller has not shown an abuse of
discretion, we need not address whether he has an adequate remedy by
appeal.  Miller’s petition for writ of
mandamus is denied.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered September 29, 2006.

Panel
consisted of Worthen, C.J., Griffith, J. and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]  The
respondent is the Honorable Nancy Adams Perryman, Judge of the County Court at
Law No. 2, Henderson County, Texas.





[2]  State
Farm identified its motion as a “motion to abate,” but its supporting arguments
to the trial court and its response filed in this proceeding refer to severance
and to abatement.  We therefore consider
State Farm’s motion as a request for both severance and abatement.  Similarly,
we interpret the trial court’s order as granting both severance and abatement.