EANES INDEPENDENT SCHOOL
DISTRICT, et al., Relators,

v.

The Honorable Bill LOGUE, Judge, et
al., Respondents.

No. C–5434.

Supreme Court of Texas.

July 16, 1986.

Joe Heffington, and Thomas S. Goggan, Austin, for relators.

Lucius D. Bunton, Bunton, Nolan Odé & Cooper, Austin, Phillip McCleery, Waco and Mark Vanberg, Mercedes, for respondents.

McGEE, Justice.

Westlake High School in the Eanes Independent School District and Richfield High School in the Waco Independent School District qualified to play each other in the Regional Playoffs of the State High School Baseball Tournament. The two schools agreed on a three-game playoff series.

Rain-out problems occurred, and only one game was played. Westlake won that game. Officials of the University Interscholastic League (UIL), pursuant to the established rules of the UIL, declared Westlake the winner of the Regional Playoffs. Richfield appealed to the Executive Director of the UIL, then to the State Executive Committee of the UIL. After being refused at those two levels, Richfield filed suit in the McLennan County district court in Waco.

Richfield sought to mandatorily enjoin the UIL to conduct additional athletic competitions and to further enjoin the commencement of the State High School Baseball Tournament until Richfield and Westlake had a chance to complete their best of three series. The district court granted Richfield the relief sought.

Westlake, through Eanes Independent School District, sought mandamus relief in this court. On June 18, 1986, this court announced from the bench that the writ of mandamus was conditionally granted and would issue if the McLennan County district court refused to withdraw its orders. The district court did withdraw its orders and the playoff games were played without participation by Richfield.

■ This court may issue a writ of mandamus directing a trial judge to rescind an order when the directed course of action is the only proper course and the petitioner has no other adequate remedy. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985). Under such circumstances, mandamus will lie when there is a clear abuse of discretion. *Id.* The trial court in the instant case abused its discretion in interfering with the decision of the UIL.

■ No constitutional violation has been shown here. First, the right to participate in extracurricular sports is not a fundamental right. *Spring Branch Independent School District v. Stamos*, 695 S.W.2d 556 (Tex.1985). Therefore, due process strictures do not apply. *Id.*

■ Second, no denial of equal protection was shown. There is neither a fundamental right nor a suspect class involved. Therefore, UIL actions are subject to a rational basis test. *See Stamos, supra* at 559.

The UIL rule which allowed Westlake to be declared the winner of the playoffs is clearly a rational rule. The rule provides as follows:

> If it appears not to be feasible to hold a contest at the scheduled place or time because of weather, facilities, or other cause, the (UIL) Director shall determine where, when, or *if* the contest will be held.

*Constitution and Contest Rules*, University Interscholastic League, Section 382 (1985–86) (emphasis added). The rule is rational because the UIL cannot be expected to hold up playoffs indefinitely if rainout problems or other problems occur. The application of Section 382 here was a reasonable solution to a problem caused by weather.

In ruling as we do, we wish to remind trial courts of the following language from *Mercer v. Board of Trustees*, 538 S.W.2d 201, 206 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.):

> We must be wise enough to perceive that constant judicial intervention in some institutions does more harm than good. We believe that there are some areas in which our intervention does not offer a practical solution. We make this observation in full sympathy with Judge Wisdom's statement in his dissent in *Karr v. Schmidt*, (460 F.2d 609, 619 (5th Cir. 1972)): "Individual rights never seem important to those who tolerate their infringement." However, in this case we find our heavy hand ample reason for withholding it.

We conditionally granted the writ of mandamus on June 18, 1986. Mandamus will not issue, however, because Judge Logue vacated his order.