In re UNIVERSITY INTERSCHO-
LASTIC LEAGUE, Relator.

No. 00–0474.

Supreme Court of Texas.

May 25, 2000.

Lucius B. Bunton, Jack R. Crier, Dewey E. Helmcamp, III, Austin, for Relator.

Chester J. Makowski, San Antonio, Ruth Ann Silvers, Houston, John David Bell, Christopher A. Lowrance, Corpus Christi, Robert E. Hall, Houston, Roger D. Hepworth, Austin, Abel Herrero, Corpus Christi, for Respondent.

PER CURIAM.

The University Interscholastic League (UIL) seeks a writ of mandamus directing the trial court to vacate its orders: (1) requiring the UIL to hold a baseball playoff game between Robstown High School and Roma High School; (2) finding the UIL in contempt because the UIL did not schedule the game as ordered; and (3) declaring Robstown, rather than Roma, the winner of the unplayed game. We granted the UIL's motion for emergency stay of the trial court's orders on May 12, 2000. *See Republican Party of Tex. v. Dietz*, 924 S.W.2d 932, 932–33 (Tex.1996). After a review of the record and briefs, we hold that the trial court abused its discretion in entering these orders. Accordingly, we now conditionally grant the writ of mandamus.

In the underlying cause of action, parents of the eligible players of the Robstown baseball team brought suit for injunctive relief with respect to the UIL State Executive Committee's determination that Robstown must forfeit all games the baseball team played with an ineligible player this season. Because of the UIL decision, Robstown lost its second place position and was disqualified from participating in the State baseball tournament.

A Nueces County trial court granted the Robstown parents injunctive relief and ordered the UIL to hold a baseball playoff game between Robstown and Roma. The UIL did not schedule the game, however.[1]

As a result, the trial court issued a contempt order against the UIL, finding that Roma forfeited the unplayed game against Robstown, and directing that Robstown would advance to play in the next round of the State baseball tournament.

The UIL argues that the trial court abused its discretion, because it improperly applied the law to the facts in this case. The UIL contends that under applicable law, individual student athletes do not have a fundamental constitutional right to participate in extracurricular sports and that the trial court's orders are arbitrary and unreasonable.

The Robstown parents, on the other hand, do not contest the propriety of the UIL decision that one of the team's players is ineligible. Rather, they argue that the UIL acted arbitrarily and capriciously when it refused to apply Section 27 of the UIL's *Constitution and Contest Rules*, which provides:

> When eligibility is protested at or near district certification, and the district executive committee has previously ruled the student eligible, the State Executive Committee may find the student in question ineligible from the date of the hearing, and thus not require the participant school to forfeit contests.

Based on this rule, the Robstown parents contend that the UIL State Executive Committee should have exercised its discretion not to require the team to forfeit all games it played with an ineligible player.

In a mandamus proceeding, we review the trial court's decision for an abuse of discretion. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). To determine if there is an abuse of discretion, we review the en-

---

**1.** A day after the Nueces County trial court issued the temporary injunction, the Roma Independent School District brought suit for injunctive relief against the UIL in Travis County, Texas. The Travis County district court issued a temporary restraining order, enjoining the UIL from requiring Roma to play against Robstown and ordering the UIL to permit Roma to proceed to the next level of competition. While the two courts' orders are in conflict, the UIL only seeks mandamus relief from the Nueces County trial court's orders. Accordingly, the Travis County district court's order is not before this Court.

tire record. *See Simon v. York, Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex.1987). The party challenging the trial court's decision must establish that the facts and law permit the trial court to make but one decision. *See Johnson,* 700 S.W.2d at 917. Additionally, the relator must show there is no adequate remedy at law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992).

Under Section 27 of the UIL's *Constitution and Contest Rules,* the State Executive Committee may exercise its discretion when the district executive committee has previously ruled the student eligible. The record here does not indicate, however, that the UIL district executive committee had "previously ruled" that the Robstown baseball player in question was eligible. Thus, Section 27 did not apply when the UIL State Executive Committee determined the penalty for Robstown playing with an ineligible player.

In any event, in *Eanes Independent School District v. Logue,* we held that the trial court abused its discretion by interfering with a UIL decision concerning high school baseball playoff games. 712 S.W.2d 741, 742 (Tex.1986). In doing so, we concluded that there was no constitutional violation because the right to participate in extracurricular activities is not a fundamental right. *Id.* at 742; *see also Spring Branch Indep. Sch. Dist. v. Stamos,* 695 S.W.2d 556, 559 (Tex.1985). And as we recognized in *Eanes ISD,* judicial intervention in matters such as these often does more harm than good. 712 S.W.2d at 742; *see also Board of Trustees of Bastrop Indep. Sch. Dist. v. Toungate,* 958 S.W.2d 365, 373 (Tex.1997); *Barber v. Colorado Indep. Sch. Dist.,* 901 S.W.2d 447, 451 (Tex.1995).

In the present case, the Robstown parents have only pleaded that their eligible children will suffer immediate and irreparable harm if they do not participate in the State baseball tournament. This allegation is not enough to demonstrate a constitutional violation. As a result, the trial court abused its discretion when it entered the challenged orders. Because the State baseball tournament is currently in progress, the UIL has no adequate remedy at law. *Walker,* 827 S.W.2d at 839.

Accordingly, without oral argument, pursuant to Texas Rule of Appellate Procedure 52.8(c) the Court conditionally grants the petition for writ of mandamus and directs the trial court to immediately vacate its orders of May 8, 2000, May 9, 2000 and May 11, 2000. The writ will issue only in the event that the trial court does not comply.