NUMBER 13-05-623-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

FLOUR BLUFF INDEPENDENT

SCHOOL DISTRICT,                                                                        Appellant,

 

                                                             v.                                

 

R. S., AS NEXT FRIEND 

OF H. S.[1],                                                                                         Appellee.

 

       On
appeal from the 94th District Court of Nueces County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez. and Garza 

                            Memorandum
Opinion by Justice Garza           

 








Appellant, Flour Bluff Independent School District
(the ADistrict@), appeals from the trial court=s denial of its plea to the jurisdiction and
temporary injunction enjoining it from prohibiting  H.S. from participating in the functions and
activities associated with the Varsity Cheerleading squad for the 2005-06 school
year.[2]  This appeal is accelerated.  See Tex.
R. App. P. 28.1; Tex. Civ.
Prac. & Rem. Code Ann. '51.014(a)(4), (8) (Vernon Supp. 2005) (authorizing
accelerated appeals from temporary injunctions and pleas to the jurisdiction
granted or denied by district courts). 
By three issues the District contends (1) the district court lacks
jurisdiction to review its decision to place H.S. in the District=s alternative education program for 36 days; (2) it
did not conduct a search in violation of article I, section 9 of the Texas
Constitution, see Tex. Const. art.
I, ' 9; and (3) the trial court lacks jurisdiction to
award the relief requested because there is no fundamental right to participate
in extracurricular activities.  We
reverse the trial court's order denying the District's plea to the
jurisdiction, set aside all orders pertaining to the temporary injunction and
dismiss the appeal as it relates to the temporary injunction. 

I.  Background 








On March 31, 2005, a District paraprofessional found
a purse in a foyer near the school cafeteria. 
After several efforts to determine the owner of the purse, the
paraprofessional turned the purse over to Lance Howard, a District security and
truant officer.  Assistant principal Mike
Trudeau joined Howard in the attempt to locate the owner.  In an effort to determine ownership of the
purse, Howard unzipped the purse and pulled out a wallet.  He found a student athletic pass bearing H.S.=s name. 
Howard decided to seek a secondary form of identification to verify
ownership of the purse.  Howard unzipped
a side pocket of the wallet and discovered a pill.  At this time, H.S. approached Howard and
Trudeau and informed them that the purse was hers.  Howard and Trudeau returned the purse to
H.S., but kept the pill to determine whether it was a prohibited drug under the
District=s zero-tolerance drug policy.  District officials determined the drug was
hydrocodone, a prohibited controlled substance and dangerous drug.[3]  








Pursuant to the mandates of section 37.007(b)(2)(A)
of the Texas Education Code and the District=s
discipline policies, H.S. was proposed for expulsion for possessing the
pill.  See Tex. Educ. Code Ann. ' 37.007(b)(2)(A) (Vernon Supp. 2005).[4]  The District conducted a due process hearing,
where H.S. and her parents were allowed to testify.  During the hearing, H.S. stated that the pill
may have belonged to her father, her sister, or the parent of one of her
friends.  At the hearing, the District=s hearing officer concluded that the pill most
likely belonged to the friend=s parent. 
After the hearing, the hearing officer found that H.S. possessed a
dangerous drug or controlled substance on school property as defined in the
District=s student code of conduct.  However, H.S. was not expelled for the
offense; instead, she was placed in the District=s
alternative education program for 36 school days.  Tex. Educ. Code Ann. ' 37.006(a)(2)(C) (Vernon Supp. 2005).[5]  On June 16, 2005, H.S.=s parents filed a grievance with the District=s Board of Trustees (the ABoard@).  See Tex. Educ. Code Ann. ' 37.009(b) (Vernon Supp. 2005).  The Board heard and denied the grievance.  H.S. successfully completed her 36-day
assignment in the alternative program.                

On March 30, 2005, one day before the hydrocodone
pill was discovered in H.S.=s purse, H.S. and her mother, C.S., signed a ACheerleader Constitution.@  Under the
terms of the Constitution, and State law, a cheerleader must relinquish her
position on the cheerleader squad if she is placed in the District=s alternative education program at any time during
the cheerleader year.  See Tex. Educ. Code Ann. ' 37.006(g) (Vernon Supp. 2005) (stating, AThe terms of a placement under this section must
prohibit the student from attending or participating in a school-sponsored or
school-related activity@).  H.S. was
forced off the cheerleading squad for the 2005-06 school year.  

On August 12, 2005, H.S. sought and received an ex
parte temporary restraining order from the trial court compelling the District
to place her back on the cheerleading squad.[6]  A hearing on H.S.=s request for temporary injunction was held in
September 2005.  At the hearing, the
trial court denied the District=s plea to the jurisdiction and granted H.S.=s request for a temporary injunction.  This accelerated appeal ensued. 

II.  Assignment to Alternative Education Program








In its first issue, the District claims that the
trial court has no jurisdiction to review its decision to place H.S. in an
alternative education program.  We hold
judicial review is precluded under these circumstances.  

Chapter 37 of the education code establishes the
disciplinary consequences for specific conduct and the procedural due process
entitled to any student punished under this chapter.  Aledo Indep. Sch. Dist. v. Reese, 987
S.W.2d 953, 956 (Tex. App.BFort Worth 1999, pet. denied).  The Texas Education Code provides in relevant
part:  

' 37.009. Conference, Hearing, Review

 

. . . .

 

(b) If a student=s placement in an alternative education program is to extend beyond 60 days or the end of the next
grading period, whichever is earlier, a student=s
parent or guardian is entitled to notice of and an opportunity to participate
in a proceeding before the board of trustees of the school district or the
board=s designee, as provided by policy of the board of
trustees of the district.  Any decision
of the board or the board=s designee under this subsection is final and may
not be appealed.

 

. . . . 

 

(f) Before a student may be expelled under Section
37.007, the board or the board=s designee must provide the student a hearing at
which the student is afforded appropriate due process . . . If the decision
to expel a student is made by the board=s
designee, the decision may be appealed to the board.  The decision of the board may be appealed
by trial de novo to a district court of the county in which the school
district=s central administrative office is located.  

 

Tex. Educ. Code Ann. ' 37.009(b), (f) (Vernon Supp. 2005) (emphasis
added).         

 








Because H.S.=s placement in the alternative education program was
not an expulsion, review of the District=s decision is governed by section 37.009(b).  See Aledo, 987 S.W.2d at 958-59;  see also Hankins v. P.H., 1 S.W.3d
352, 354 (Tex. App.BCorpus Christi 1999, pet. denied).  The record reflects that grades are issued
in six-week intervals.[7]  Consequently, H.S. was entitled to appeal the
District=s decision to the Board.  See Aledo, 987 S.W.2d at 958.  The record reflects that H.S.=s parents appealed the District=s decision to the Board of Trustees and that the
Board upheld the District=s decision to place H.S. in the alternative
education program.  Section 37.009(b)
expressly states that the Board=s decision under this subsection is final and may
not be appealed.  Tex. Educ. Code Ann. ' 37.009(b). 
Therefore, the trial court has no jurisdiction to consider H.S.=s claims as they relate to the District=s decision to place H.S. in the alternative
education program and its decision to keep records of the incident.[8]  The District=s
first issue is sustained. 

III.  Temporary Injunction 

 

In its second and third issues, the District
complains that H.S. was not entitled to issuance of a temporary injunction
because the District did not conduct a search in violation of article I,
section 9 of the Texas Constitution, see Tex. Const. art. I, ' 9, and because there is no fundamental right to
participate in extracurricular activities.








Our jurisdiction is restricted to actual
controversies.  See Spring Branch
Indep. Sch. Dist. v. Reynolds, 764 S.W.2d 16, 17 (Tex. App.CHouston [1st Dist.] 1988, no writ).  We must avoid rendering advisory opinions in
cases in which no actual controversy exists. 
See id.  In Univ.
Interscholastic League v. Jones, for example, the trial court issued an
injunction that allowed Jones to play football during the 1985 football
season.  Univ. Interscholastic League
v. Jones, 715 S.W.2d 759, 760 (Tex. App.CDallas
1986, writ ref=d n.r.e.). 
The University Interscholastic League appealed to the Fifth Court of
Appeals, which explained that, for purposes of subject matter jurisdiction, an
actual controversy no longer existed regarding the trial court=s injunction.  Id. at 761.  The court=s
opinion pointed out that, while the appeal was pending, Jones had been allowed
to play football.  Id. at
760.  In fact, the 1985 football season
ended while the appeal was pending.  Id.
at 760B61.  Because
the trial court=s injunction only affected the 1985 football season,
and because Jones had also graduated while the appeal was pending, the court
ruled that no controversy existed and dismissed the case as moot.  Id.   


Similarly, in this case, the temporary injunction
issued by the trial court is no longer a basis for actual controversy because
it only affected the 2005B06 cheerleading year, which ended while the appeal
was pending.[9]  H.S. was allowed to participate as a
cheerleader.  Although H.S. has not
graduated from school, the parties appear to agree that the incident giving rise
to this lawsuit will not affect her eligibility to participate in cheerleading
during the 2006B07 cheerleading year or her eligibility for any
other extracurricular activity.  The
District nevertheless complains that the district court had no jurisdiction to
enter the temporary injunction. 








 Even if this
Court were to agree with the District, we would be unable to remedy the injury
claimed by the District because the temporary injunction has no legal
effect.  Regardless of this Court=s opinion, the fact remains that the trial court
allowed H.S. to participate in cheerleading during the 2005B06 cheerleading year over the District=s objections. 
Vacating or reversing the injunction would have no effect on what has
already occurred and the parties have not raised any controversy over what may
happen in the 2006B07 cheerleading year.  Accordingly, we dismiss the District=s second and third issues regarding the temporary
injunction.  

Nonetheless, without expressing an opinion on the
propriety of the injunction, we note that the Texas Supreme Court has
repeatedly held that participation in extracurricular activities is not a
fundamental right.  See In re Univ.
Interscholastic League, 20 S.W.3d 690, 692 (Tex. 2000); Eanes Indep.
Sch. Dist. v. Logue,  712 S.W.2d 741,
742 (Tex. 1986); Spring Branch Indep. Sch. Dist. v. Stamos, 695
S.W.2d 556, 559 (Tex. 1985).  We agree
with the supreme court=s statement in Eanes that judicial
intervention in matters such as these often does more harm than good.  Eanes Indep. Sch. Dist., 712
S.W.2d at 742; see also Board of Trustees of Bastrop Indep. Sch. Dist. v.
Toungate, 958 S.W.2d 365, 373 (Tex. 1997); Barber v. Colorado Indep.
Sch. Dist., 901 S.W.2d 447, 451 (Tex. 1995).  We 
share the view expressed by the court in Piwonka, that cases such
as the one before us should be dismissed Aas asinine on its face@ and
that courts should not  Awaste [their] valuable time and limited resources on
exploring the constitutional implications of whether or not someone gets to be
a cheerleader.@  See
Piwonka v. Tidehaven Indep. Sch. Dist., 961 F. Supp. 169, 171 (S.D. Tex.
1997). 

IV. Conclusion 








We reverse the trial court's order denying the
District's plea to the jurisdiction, set aside all orders pertaining to the
temporary injunction and dismiss the appeal as it relates to the temporary
injunction.[10]


 

_______________________

DORI CONTRERAS GARZA,

Justice                   

 

Memorandum Opinion delivered and 

filed this the 13th day of April, 2006.

 











[1] 
To protect the privacy of H.S., a minor, we identify R.S. and H.S. by
initials only.





[2] According to the Texas Civil
Practices and Remedies Code, a governmental unit may appeal an interlocutory
order that grants or denies a plea to the jurisdiction.  See
Tex. Civ. Prac. & Rem.
Code Ann. ' 51.014 (a)(8) (Vernon Supp.
2005).  The District=s plea to the jurisdiction
questioned the trial court's subject matter jurisdiction by alleging that it
lacked jurisdiction to review the District=s decision to place H.S. in the alternative program.  Thus, this Court has jurisdiction over the
interlocutory appeal.  See Harlandale
Indep. Sch. Dist. v. Hernandez, 994 S.W.2d 257, 258 (Tex. App.BSan Antonio 1999, no pet.).

 





[3] The Texas Department of Public
Safety verified that the pill was hydrocodone. 






[4] Section 37.007(b)(2)(A) provides,
in relevant part, that a student may be expelled if the student, while
on or within 300 feet of school property, possesses a controlled substance, as
defined by Chapter 481 of the Health and Safety Code.  Tex.
Educ. Code Ann. ' 37.007(b)(2)(A) (Vernon Supp.
2005) (emphasis added).  Hydrocodone is a
controlled substance as defined by section 481.002 of the Texas Health and
Safety Code and is listed in schedule II of section 481.032 of the health and
safety code.  See Tex. Health & Safety Code Ann. '' 481.002(5), 481.032 (Vernon Supp.
2005).  





[5] Section 37.006(a)(2)(c) provides,
in relevant part, that a student shall be removed from class and placed
in a disciplinary alternative education program as provided by section 37.008
if the student, while on or within 300 feet of school property, possesses a
controlled substance, as defined by Chapter 481 of the Health and Safety
Code.  Tex.
Educ. Code Ann. ' 37.006(a)(2)(c)(Vernon Supp. 2005)
(emphasis added). 





[6] In addition to seeking a temporary
injunction, H.S. sought a declaratory judgment that (1) the search of her purse
violated article I, section 9 of the Texas Constitution, and (2) her punishment
should be reversed; and a permanent injunction enjoining FBISD from (1)
prohibiting her from being in the cheerleading squad for the 2005-2006 year,
and (2) from keeping records of the incident. 
Given our disposition of the appeal, the only controversy remaining for
the trial court to decide is whether the search was unconstitutional.    





[7] A six-week grading period consists
of 30 days.  H.S.=s placement in alternative
education was for 36 days and extended beyond the next grading period.  See Tex.
Educ. Code. Ann. ' 37.009(b) (Vernon Supp. 2005). 





[8] However, we do note that constitutional
claims, whether state or federal, are not claims under Texas school laws.  See Tex. Educ. Agency v. Cypress‑Fairbanks
Indep. Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992).  Further, the education code does not provide
for review of constitutional claims.  Id.  Therefore, the trial court is not
precluded from addressing the merits of the constitutional claim raised in the
declaratory judgment action. 

 





[9] The record reflects that the
cheerleading year runs from March of one year to March of the next year. 





[10] When an appeal is from an order
granting a temporary injunction, and that part of the case becomes moot on
appeal, "the proper order is to set aside all orders pertaining to the
temporary injunction and dismiss that portion of the case, leaving the main
case still pending."  Guajardo v.
Alamo Lumber Co., 317 S.W.2d 725, 726 (Tex. 1958) (citing Service Fin.
Corp. v. Grote, 131 S.W.2d 93, 94 (Tex. 1939)).