# IN THE SUPREME COURT OF TEXAS

No. 20-0751

IN RE STEVEN HOTZE, M.D., HARRIS COUNTY REPUBLICAN PARTY,
HON. KEITH NIELSEN, WENDELL CHAMPION, SHARON HEMPHILL,
AND AL HARTMAN, RELATORS

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE DEVINE dissenting from the Court's order denying the petition for writ of mandamus and motion for stay.

The Texas Constitution, much like the United States Constitution, envisions a government based on coequal branches of government: legislative, executive, and judicial. It is the independence of these divided branches that is a source of our Republic's strength, not a weakness. *See Collins v. Mnuchin*, 938 F.3d 553, 562 (5th Cir. 2019). The judiciary protects the strength of our Republic, in part, by ensuring that each branch of government upholds its constitutional role and responsibility. *See In re Salon a La Mode*, No. 20-0340, 2020 WL 2125844 (Tex. May 5, 2020) (Blacklock, J., concurring). When the judiciary is called upon to consider whether a branch has overstepped its boundaries, it humbly considers the constitution and laws passed to determine the propriety of a particular branch's action. *See id.* I see this as such a case. Today, Relators, who include a candidate for office, question the Harris County Clerk's authority to extend early voting by a week and to accept hand-delivered mail ballots before election day. Because the County Clerk's actions are inconsistent with Texas Election Code sections 86.006(a-1) and 85.001, I would grant the requested stay to consider the propriety of those actions.

Although the courts of appeals have concurrent jurisdiction with this Court to issue writs of mandamus, a relator may bypass the intermediate court if a "compelling reason" exists for this Court to act. *See* TEX. R. APP. P. 52.3(e). "[E]lection cases requiring speedy, final resolution, and

cases presenting issues of statewide importance" qualify as "compelling reasons." *In re State Bar of Tex.*, 113 S.W.3d 730, 732 n.1 (Tex. 2003) (citing *In re Univ. Interscholastic League*, 20 S.W.3d 690 (Tex. 2000) (per curiam); *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86 (Tex. 1997); *Sears v. Bayoud*, 786 S.W.2d 248 (Tex. 1990)). This case intertwines both of these compelling reasons: an election case of statewide importance. And given the makeup of the ballot, the election has both statewide and national significance.[1] The Election Code prescribes the process by which the electorate may cast their ballots. And it charges county clerks with the duty to enforce these processes, which include the rules for early voting. *See* TEX. ELEC. CODE §§ 83.001(c), 86.006(h).

Relators seek to mandamus the Harris County Clerk for acting inconsistently with the Election Code. Mandamus relief is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (citing *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984)); *see* TEX. ELEC. CODE § 273.061 (authorizing appellate courts to issue a writ of mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election"). The Texas Election Code states a voter "may deliver a marked ballot in person to the early voting clerk's office only while *the polls are open on election day*." TEX. ELEC. CODE § 86.006(a-1) (emphasis added). If the County Clerk receives a ballot returned "in violation of this section" the ballot "may not be counted." *Id.* § 86.006(h).

On September 24, 2020, when asked by what date the County Clerk would begin accepting hand-delivered mail ballots, he responded "[w]e will begin accepting mail ballots as soon as they hit voter's mailboxes. I anticipate [September 28, 2020] that will happen." The County Clerk's office went on to say that mail ballots will be accepted at each of the County Clerk's annexes.

---

[1] Indeed, "our elections are the envy of the world." *The Newsroom: Election Night, Part I* (HBO Sept. 8, 2013).

Presumably, the County Clerk is intent on counting the ballots he receives. Thus, the Clerk is violating the Election Code in two ways. First, the County Clerk is accepting hand-delivered mail ballots ahead of the November 3 election day and second, is accepting those ballots at the annexes, rather than at the "voting clerk's office," as prescribed by statute.[2] *Id.* § 86.006(a-1). Only the Governor's July 27, 2020 proclamation—which Relators additionally challenge—suspending certain Election Code protocols[3] authorizes the County Clerk to accept hand-delivered mail ballots early at locations other than the clerk's office. *See* The Governor of the State of Tex., Proclamation No. 41-3752, 45 Tex. Reg. 5449, 5456–5457 (2020). However, I have previously expressed my concerns as to the constitutionality of the legislation upon which the proclamation was made. *See In re Hotze*, No. 20-0430, 2020 WL 4046034, at *1–2 (Tex. July 17, 2020) (Devine, J., concurring). I renew those concerns here because our constitution plainly states that "[n]o power of suspending laws in this State shall be exercised except by the Legislature." Tex. Const. art. 1, § 28. The July 27 proclamation, which the County Clerk intends to follow, and the legislation upon which it is based, obfuscates this clear legislative responsibility.

Because the Harris County Clerk is not following Election Code protocols, I dissent from the Court's decision not to stay the County Clerk's collection of additional hand-delivered mail

---

[2] The Court dismisses a similar suit for lack of timeliness. *See In re Hotze*, No. 20-0739, ___ S.W.3d ___ (Tex. Oct. 7, 2020). However, this case presents no such issue. While mandamus procedure cautions against delay when a party could have made a similar request under a less-expedited schedule, Relators have not failed to act diligently. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). Instead, they filed this mandamus and a request to stay the County Clerk's *ultra vires* actions within four days of learning of the Clerk's plan to accept hand-delivered mail ballots, hardly an unreasonable delay.

[3] The proclamation also allows the County Clerk to extend early voting to October 13, 2020, in suspension of Texas Election Code section 85.001(a). The Governor of the State of Tex., Proclamation No. 41-3752, 45 Tex. Reg. 5449, 5456–5457 (2020). Under the Election Code, early voting begins seventeen days before election day, which falls on October 17 this year. *See* Tex. Elec. Code § 85.001(a). Because October 17 falls on a Saturday, the Election Code directs that early voting should then occur on the "next regular business day," or October 19. *See id.* § 85.001(c).

Additionally, the Governor's October 1 proclamation amending his July 27 proclamation does not change this analysis. *See* The Governor of the State of Tex., Proclamation No. 41-____, 45 Tex. Reg. ____, ____ (Oct. 1, 2020). While the October 1 proclamation addresses where voters may hand deliver a mail ballot, the Governor's amendment leaves intact much of his July 27 proclamation at issue here.

ballots. Staying the collection of these ballots would allow the Court to consider whether the

Clerk's actions are *ultra vires* while maintaining the state's normal election protocols.


_____

John P. Devine
Justice


**OPINION DELIVERED:**  October 7, 2020