ACCEPTED
15-25-00030-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/15/2025 4:52 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00030-CV

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/15/2025 4:52:05 PM
CHRISTOPHER A. PRINE
Clerk

IN RE CITY OF DENTON, GERARD HUDSPETH, Mayor of Denton, BRIAN BECK, Mayor Pro Tem of Denton; VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE MCGEE, and CHRIS WATTS, members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; AND DOUG SHOEMAKER, Chief of Police of Denton, in their official capacities,

*Relators*

On Appeal from the
481st Judicial District Court, Denton County

## BRIEF FOR THE STATE OF TEXAS

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

ZACHARY L. RHINES
Special Counsel
State Bar No. 24116957
Zachary.Rhines@oag.texas.gov

KYLE S. TEBO
Special Counsel
State Bar No. 24137691
Kyle.Tebo@oag.texas.gov

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

COUNSEL FOR THE STATE OF TEXAS

**ORAL ARGUMENT NOT REQUESTED**

**Respondent:**

The State of Texas

**Appellate and Trial Counsel for Respondent:**

Ken Paxton
Brent Webster
Ralph Molina
Ryan D. Walters
Ryan G. Kercher
Zachary L. Rhines
Kyle S. Tebo

**Office of the Attorney General**
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Zachary.Rhines@oag.texas.gov
Kyle.Tebo@oag.texas.gov

**Relators:**

City of Denton
Gerard Hudspeth
Brian Beck
Vicki Byrd
Paul Meltzer

Joe Holland
Brandon Chase McGee
Chris Watts
Sara Hensley
Doug Shoemaker

**Appellate and Trial Counsel for Relators:**

Jose E. de la Fuente
James F. Parker
Gabrielle C. Smith
Sydney P. Sadler
LLOYD GOSSELINK
ROCHELLE & TOWNSEND, P.C.
816 Congress Ave., Ste. 1900
Austin, TX 78701
(512) 322-5800
jdelafuente@lglawfirm.com
gsmith@lglawfirm.com

Mark Reinwand
Devin Alexander
DENTON CITY ATTORNEY'S OFFICE
215 East McKinney St.
Denton, TX 76201

# TABLE OF CONTENTS

                                                                    Page

Identity of Parties and Counsel ...................................................................ii

Table of Contents ......................................................................................iii

Index of Authorities ..................................................................................iv

Record References ......................................................................................vi

Statement of the Case ................................................................................vi

Statement Regarding Oral Argument .........................................................vii

Issues Presented .......................................................................................vii

Introduction.............................................................................................. 1

Statement of Facts .................................................................................... 1

Summary of the Argument......................................................................... 4

Standard of Review ................................................................................... 5

Argument................................................................................................... 6

    I.   The trial court did not abuse its discretion by ordering jurisdictional discovery related to factual issues raised by City Defendants. ..............................................................................................6

        A.  City Defendants' factual allegations necessitated discovery pertaining to jurisdictional facts. .........................................................6

        B.  The issues of fact raised by City Defendants require more investigation..............................................................................................8

            1.  City Defendants' declarations conflict with other statements made by City officials....................................................8

            2.  Questions regarding the vote to codify the Ordinance require further factual development. .........................................10

        C.  Unresolved facts relevant to the trial court's jurisdiction warrant discovery.................................................................................12

    II.  The State's discovery requests are properly tailored to investigate jurisdictionally relevant facts. ...................................................................13

Prayer ..................................................................................................... 16

Certificate of Compliance .........................................................................16

Certificate of Service................................................................................18

# Index of Authorities

Page(s)

**Cases**

*Alamo Heights Indep. Sch. Dist. v. Clark,*
544 S.W.3d 755 (Tex. 2018) ...................................................................... 8

*Bland Indep. School Dist. v. Blue,*
34 S.W.3d 547 (Tex. 2000) ........................................................................7

*City of El Paso v. Heinrich,*
284 S.W.3d 366 (Tex. 2009) ............................................................... 10, 12

*City of Houston v. Aspenwood Apartment Corp.,*
No. 01-97-01378-CV, 1999 WL 681939 (Tex. App.—Houston [1st
Dist.] Aug. 27, 1999) ............................................................................... 11

*Hearts Bluff Game Ranch, Inc. v. State,*
381 S.W.3d 468 (Tex. 2012) ............................................................ 7, 8, 10

*Hidalgo v. Surety Sav. & Loan Assoc.,*
487 S.W.2d 702 (Tex. 1972) ..................................................................10

*In re Daisy Mfg. Co.,*
17 S.W.3d 654 (Tex. 2000) (per curiam) ..........................................................5

*In re FirstMerit Bank, N.A.,*
52 S.W.3d 749 (Tex. 2001) ......................................................................5

*In Re TXU Elec. Co.,*
2001 WL 688128 (Tex. App.—Dallas June 20, 2001, no pet.) ........................ 15

*In re Univ. Interscholastic League,*
20 S.W.3d 690 (Tex. 2000) (per curiam) ..........................................................5

*Major Inv., Inc. v. De Castillo,*
673 S.W.2d 276 (Tex. App.— Corpus Christi 1984, writ ref'd n.r.e.) ..............10

*Mission Consol. Indep. Sch. Dist. v. Garcia,*
372 S.W.3d 629 (Tex. 2012) ......................................................... 5, 7, 12, 13

iv

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ...................................................... 6, 7, 12

*Vernco Constr., Inc. v. Nelson*,
460 S.W.3d 145 (Tex. 2015) ..............................................................7

*Walker v. Packer,*
827 S.W.2d 833 (Tex.1992) ..............................................................5

**Constitutional Provisions**

Tex. Const. art. XI, § 5 .................................................................. 2

**Statutes**

Tex. Health & Safety Code § 481.121.................................................. 2

Tex. Health & Safety Code § 481.125 ................................................ 2

**Local Laws & Ordinances**

Denton, Tex., Code of Ordinances, ch. 21, art. V, § 21-80(a) (2022),
https://library.municode.com/tx/denton/codes/code_of_ordinances ........... 2

Denton, Tex., Code of Ordinances, ch. 21, art. V, § 21-84(a)–(c) (2022),
https://library.municode.com/tx/denton/codes/code_of_ordinances ............3

# RECORD REFERENCES

"MR" refers to the Mandamus Record filed on March 19, 2025.

# STATEMENT OF THE CASE

*Nature of the Case*: The underlying proceeding is a suit initiated by the State of Texas in response to the City of Denton adopting an ordinance which directed its police officers to refrain from enforcing state laws related to drugs under the Texas Health and Safety Code. The ordinance also threatened police officers enforcing state laws with disciplinary action. The State of Texas sought a declaratory judgment and a temporary and permanent injunction preventing the City of Denton from enforcing the ordinance in violation of state law.

*Course of Proceedings*: Relators, the City of Denton and certain city officials (collectively Relators) filed a plea to the jurisdiction, attaching declarations from city officials asserting that, despite publishing and adopting the ordinance at issue (which required by its terms the creation of policies to enforce it), no policies enforcing the ordinance were created. Noting public statements from city officials indicating that policies and procedures were, in fact, developed, the State of Texas issued written discovery and noticed depositions related to the creation of policies, procedures, and training pursuant to the ordinance at issue.

*Trial Court*: 481st Judicial District Court, Denton County
The Honorable Crystal Levonius

*Trial Court Disposition*: The trial court issued an order compelling City Defendants to respond to limited jurisdictional discovery.

## STATEMENT REGARDING ORAL ARGUMENT

The issues raised in the Petition for Writ of Mandamus are neither novel nor complex and, as such, the State of Texas does not believe oral argument is necessary. However, if the Court would find oral argument helpful, the State of Texas requests to participate.

## ISSUES PRESENTED

The issues presented are:

1.   Whether the trial court properly ordered discovery related to the jurisdictional fact issues introduced into the case by Relators.

2.   Whether the discovery requests that the trial court compelled Relators to answer was properly tied to the relevant disputes of jurisdictional fact.

## INTRODUCTION

Relators believe they are above the law. They have enacted and put into place an ordinance that effectively forecloses the ability of Denton police officers to enforce a subset of state drug laws, in direct violation of both the Texas Local Government Code and the Texas Constitution. To obfuscate from their illegal actions, however, Relators have stated that they are not implementing that same ordinance, though the facts on the ground tell a different story. The State of Texas sought targeted jurisdictional discovery related to the implementation of the ordinance and the alleged ministerial nature of the Denton City Council's actions that codified the ordinance. Relators refused to respond to these requests, and the trial court ordered them to answer the vast majority.

Now, months after the order, Relators have sought extraordinary mandamus relief to prevent Texas from proceeding with its lawsuit. The trial court did not abuse its discretion in ordering Texas's jurisdictional discovery, and the Court should deny Relators' mandamus petition.

## STATEMENT OF FACTS

The City of Denton is a home-rule city that believes it has the autonomy to disregard state drug law. Specifically, Denton adopted an ordinance (the Ordinance) that would effectively decriminalize misdemeanor possession of marijuana. MR9. This Ordinance went through a ballot-initiative process and received the majority of the popular vote. MR35. It was then codified and published in Denton's City Code of Ordinances by vote of the city council. MR12.

1

The Ordinance instructs Denton police officers and other city officials to, *inter alia*, refrain from arresting individuals for Class A or Class B misdemeanors relating to marijuana possession, except in certain rare circumstances. Denton, Tex., Code of Ordinances, ch. 21, art. V, § 21-80(a) (2022), https://library.municode.com/tx/denton/codes/code_of_ordinances. In stark contrast to Denton's Ordinance, possession of marijuana is, in fact, a crime punishable by arrest or citation. *See* Tex. Health & Safety Code §§ 481.121, 481.125.

Under State law, neither the governing body of a municipality nor a municipal police force may "adopt a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code." Tex. Gov't Code § 370.003. Additionally, "no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." Tex. Const. art. XI, § 5.

Texas sued Relators for *ultra vires* acts and now seeks declaratory and injunctive relief that would functionally prevent the Relators from implementing the Ordinance.

Relevant to this mandamus proceeding, Texas initially stated that no discovery was necessary, and that this case was one of pure law. MR10. Relators changed the calculus, however, when they filed a plea to the jurisdiction claiming in part that neither Denton not its police department adopted any policy to implement the published Ordinance. MR29. Relators' assertion notwithstanding, the Ordinance itself requires that (1) Denton and its police department update training policies and the

2

Denton Police Department General Manual to be consistent with the Ordinance; (2) Denton officials must report on its compliance with the Ordinance within three months (and then annually thereafter); and (3) Denton have regular meetings, with minutes, documenting compliance with the Ordinance. *See* Denton, Tex., Code of Ordinances, ch. 21, art. V, § 21-84(a)–(c) (2022), https://library.municode.com/tx/denton/codes/code_of_ordinances.

After Relators raised these significant questions of fact regarding both the codification and publication of the Ordinance and the existence of policies that may or may not have been adopted under it, Texas served Relators with discovery requests seeking information relating to both whether any policies had been adopted pursuant to the Ordinance and whether the city council had any discretion in enacting the Ordinance. MR347, 360, 371. The requests seek the following types of information:

- Any new policies enacted concerning marijuana after Chapter 21 was codified. MR368 (Request for Production No. 2).

- The process to change, adopt, or implement a new city/police policy and changes made related to Chapter 21. MR356–57 (Interrogatory Nos. 2, 10–19).

- The identity of persons knowledgeable about the Ordinance's implementation. MR356–57. (Interrogatory Nos. 3, 8).

- Documents relied on in making any relevant policy changes. MR359 (Interrogatory No. 21)

- Communications concerning the new ordinance or policies under it. MR368 (Request for Production Nos. 1, 3-8)

- Training materials used relevant to Chapter 21. MR369 (Request for Production Nos. 21–13)

Texas also served deposition notices on persons with knowledge of jurisdictional facts, including persons who signed Declarations supporting the plea to the jurisdiction. MR435–57. Relators objected to every discovery request and moved to quash every subpoena; Texas subsequently moved to compel responses. MR315.

The trial court held a hearing on Relators' Plea to the Jurisdiction and Texas's Motion to Compel on February 6, 2025. MR1, 617. At that hearing, Relators argued that Texas was not entitled to discovery, while Texas argued that Relators had in fact raised questions of fact regarding jurisdiction with not only their pleading and declarations, but also with their actions and statements inconsistent with their plead facts within the declarations. *See, e.g.* MR622. After the hearing, Judge Levonius granted Texas' Motion to Compel in part, while denying it in part and ordering that some requests be narrowed. MR1.

The Order Granting Texas' Motion to Compel provided 60 days for the Petitioners to comply. Forty days after the order was signed, Relators filed the present Petition for Mandamus and requested a stay of the ordered discovery.

## SUMMARY OF THE ARGUMENT

Relators are not entitled to a writ of mandamus because the trial court did not abuse its discretion in granting the requested jurisdictional discovery. While Texas originally believed that this case would be one of pure law, Relators raised pertinent issues of fact in their Plea which in turn necessitated discovery. Texas disputes the factual allegations brought by Relators for a number of reasons. First, several city officials have made conflicting statements about the implementation of the Ordinance. Additionally, the best available data suggests that arrests for

4

misdemeanor marijuana by the Denton Police department have drastically decreased, indicating that there is a good faith argument that Relators have, in some respect, implemented the Ordinance. The city council also publicly debated whether to publish and enact the Ordinance, as opposed to revising or rejecting it, casting doubt as to the alleged "ministerial" nature of the city council's actions. Each discovery request that the trial court compelled was strategically targeted to resolve these factual issues. As a result, the trial court acted well within its discretion.

## STANDARD OF REVIEW

A court of appeals reviews a petition for writ of mandamus under a clear abuse of discretion standard. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). Mandamus is an extraordinary remedy available in very limited circumstances. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding). Mandamus relief is available when the record shows (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) the absence of an adequate remedy by appeal. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex. 2000) (per curiam). The party seeking relief must establish the facts and law that permit the trial court to reach but one decision. *In re Univ. Interscholastic League*, 20 S.W.3d 690, 692 (Tex. 2000) (per curiam). As with summary judgment, any factual dispute mandates the denial of mandamus. *See, e.g. Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

## ARGUMENT

### I. The trial court did not abuse its discretion by ordering jurisdictional discovery related to factual issues raised by City Defendants.

Jurisdictional discovery is appropriate when there are issues of jurisdictional fact that a trial court must decide prior to ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). Here, Relators introduced their own dispute of jurisdictional facts by stating that they have not implemented the ordinance and that the act of codifying and publishing the Ordinance was purely ministerial. *See, e.g.*, MR198–203. Texas has reason to doubt this based on, *inter alia*, public statements by city officials and relevant crime statistics. The trial court therefore did not abuse its discretion in ordering jurisdictional discovery to help resolve these factual disputes.

### A. City Defendants' factual allegations necessitated discovery pertaining to jurisdictional facts.

Relators, in objecting to *all* discovery, repeatedly point to Texas' statement in its Original Petition that this case is one of pure law. *See, e.g.*, Relators' Br. at 12. Texas made this statement because the Ordinance directly conflicts with both state law and the Texas Constitution. Texas therefore anticipated that the issues in this case should be determined as a matter of law. But in response to Texas's allegations, Relators raised issues of jurisdictional fact by claiming that neither the City of Denton nor the Denton police department have enacted policies, and that the adopting and publishing of Chapter 21 was merely a ministerial act. MR206. In doing so, Relators raised two crucial issues of jurisdictional fact: (1) whether any City of Denton officials implemented any policies to enforce the Ordinance; and

6

(2) whether the city council members exercised discretion when they voted on the Ordinance. Texas alleged both these facts in its Original Petition. MR9–14.

Relators' Plea to the Jurisdiction and the attached declarations from Sara Hensley and Police Chief Jessica Robledo asserted the City had not implemented any policies to enforce the Ordinance. MR198–203. These statements require the trial court to decide whether jurisdictional questions of fact exist. Texas is entitled to investigate those factual assertions as they relate directly to the jurisdictional issues raised by Petitioners. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012).

As Relators admit in their own plea, MR32, "[b]ecause a court must not act without determining that it has subject matter jurisdiction to do so, *it should hear evidence as necessary* to determine the issue before proceeding with the case." *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (emphasis added). Indeed "a court deciding a plea to the jurisdiction . . . may consider evidence and must do so when necessary to resolve the jurisdictional issues." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (citation omitted). "[T]rial courts considering a plea to the jurisdiction have broad discretion to allow reasonable opportunity for targeted discovery." *E.g.*, *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012).

Preliminary jurisdictional discovery is especially appropriate "[w]hen the consideration of a trial court's subject matter jurisdiction requires the examination of evidence." *Miranda*, 133 S.W.3d at 227. And if a jurisdictional plea attacks jurisdiction by challenging "the existence of jurisdictional facts, [courts] must move

7

beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Therefore, when development of the factual record would help the court decide its jurisdiction, caselaw permits "targeted discovery . . . to illuminate jurisdictional facts." *Hearts Bluff Game Ranch, Inc.*, 381 S.W.3d at 491. That is exactly why the trial court compelled Relators to answer limited jurisdictional discovery and their arguments for this Court mandating otherwise are baseless.

## B. The issues of fact raised by City Defendants require more investigation.

Despite Relators' assertions to the contrary, Texas set forth before the trial court several factual allegations that contradict, or at least shed doubt on, Relators claims that they are not enforcing the Ordinance and that the act of codifying and publishing the Ordinance was purely ministerial. Chief among those are conflicting statements made by numerous city officials, leaving significant doubt as to whether the Ordinance is being implemented. Additionally, the State has shown evidence that arrests for marijuana possession have dropped precipitously—a fact that tends to show that Relators may still be implementing the Ordinance. And last, Texas has introduced evidence of a debate amongst city council members that lends credence to Texas's theory that the act of publishing the Ordinance was not simply a ministerial one.

### 1. City Defendants' declarations conflict with other statements made by City officials.

At the outset, city officials have made multiple public statements that contradict Relators' claim that the Ordinance has not been implemented. At a 2024 city council

session, Denton Mayor Gerard Hudspeth stated outright that Denton is "not enforcing marijuana laws[.]"MR322. In an earlier session, Councilman Beck announced that "the initiative is effective today" as an operational ordinance and implied that police officers could be disciplined under the Ordinance. MR323. During another session, a different councilmember called the Ordinance a "policy" that might "be in conflict with Texas Local Government Code 370.003." MR324. And immediately following the November 22 council vote that adopted the Ordinance, City Manager Hensley explained that the effect of the Ordinance is that "marijuana laws can still be enforced by peace officers from various law enforcement agencies in Denton, not necessarily the City of Denton police officers, but any other police officer in the City of Denton." MR324.

At the same time these public statements were made, marijuana enforcement by the Denton police department declined precipitously. In the period immediately following adoption of the Ordinance, Denton police officers made zero (0) arrests for possession of marijuana or marijuana paraphernalia as a standalone offense. MR25. And over the entirety of 2023, only three arrests were made in Denton solely for possession of marijuana, a markedly steep decline from nineteen arrests during the period from June 2021 to July 2022. MR324. These statistics show effective possession enforcement during 2022 before an extremely steep decline immediately following enactment of the Ordinance.

This significant drop in arrests for misdemeanor marijuana possession, coupled with conflicting statements that directly controvert Relators' declarations, give rise to jurisdictional factual disputes that will be remediated by discovery requests

9

concerning the real policies of the City of Denton and its police force. Such discovery is not only permissible, but necessary to determine jurisdiction. *Hearts Bluff Game Ranch, Inc.*, 381 S.W.3d at 491. An affidavit or declaration of an interested witness can only be given weight in these circumstances where they are clear, positive, direct, credible, free from contradictions, and susceptible of being readily controverted. *Major Inv., Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex. App.— Corpus Christi 1984, writ ref'd n.r.e.). These statements could only be controverted through the discovery requested by Texas, which is being resolutely denied by Relators. Likewise, the conclusory statements in these declarations are not supported by any claimed current policies and are not competent evidence. *See generally Hidalgo v. Surety Sav. & Loan Assoc.*, 487 S.W.2d 702, 703 (Tex. 1972).

The trial court's order on Texas's motion to compel is therefore justified because the discovery sought will resolve these disputes, and Relators fail to show how the trial court abused its discretion in properly entering such an order.

**2. Questions regarding the vote to codify the Ordinance require further factual development.**

Moreover, publicly available information further undermines Defendants' claim that the November 22 Denton City Council vote was a purely ministerial act.[1] For example, during the November 22, 2022 city council session, the city council actively debated whether to adopt Proposition A, the other of the two voter-initiated measures passed in 2022. MR324–25. That debate revealed a divide amongst

---

[1] If not ministerial, then the vote by the members is necessarily an *ultra vires* act that directly violates Texas Local Government Code § 370.003. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)

councilmembers, one of whom regarded the vote to be "purely ministerial" while others viewed it as an opportunity to deliberate the validity of the ballot items. *See* MR324–25. The fact that some councilmembers saw fit to debate the merits of one of the initiatives shows that the November 22, 2022 vote was an opportunity to avoid adopting an unlawful ordinance.

Further, the Relators' cited authority also makes clear that the city council had the right to "amend or repeal" the Ordinance but instead adopted it and published it within the City Code of Ordinances. MR41. This shows that Relators had discretion to act—a claim that they deny. The Ordinance clearly is in direct conflict with the Texas Constitution's requirement that it follow state laws, but the council adopted the measure, regardless.

Jurisdictional discovery is also necessary to determine whether Denton's practices made passage of the Ordinance a ministerial act. Discovery into Denton's local legislative practices will clarify whether the City Charter truly imposes a ministerial duty for council members to adopt initiative proposals approved by a majority of the voting public. *See City of Houston v. Aspenwood Apartment Corp.*, No. 01-97-01378-CV, 1999 WL 681939, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 1999) (stating that "local . . . custom or usage" is relevant for deciding whether local officials have exercised "policymaking authority"). Discovery into the City's marijuana enforcement, internal and external discussions regarding the Ordinance, and conduct regarding the Ordinance will clarify whether Defendants have taken any action towards implementing the Ordinance in direct contravention of State law. If the vote—as indicated by the council's discussion at the time—was not ministerial,

11

then the council improperly exercised its discretion to adopt a policy in direct contravention of the Texas Local Government Code, thus constituting an *ultra vires* act by the members that bypasses immunity and allows the present lawsuit to proceed. *See*, *e.g. City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

### C. Unresolved facts relevant to the trial court's jurisdiction warrant discovery.

Where, as here, a plea to the jurisdiction challenges the very existence of jurisdictional facts, the trial court has a duty to consider evidence as necessary to resolve any dispute over those facts, even if that evidence "implicates both the subject-matter jurisdiction of the court and the merits of the case." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (quoting *Miranda*, 133 S.W.3d at 226).

Where a jurisdictional challenge turns on the existence of disputed facts, "a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion." *Id.* Only if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue, can the trial court "rule[] on the plea as a matter of law." *Id.* Otherwise, if any fact issue exists, the trial court must deny the plea. *See id.*

As established above, Relators based their plea on assertions of fact; their entire plea relies on signed declarations containing factual allegations to defeat jurisdiction. Texas has produced evidence casting doubt on Relators' claims, and the available public record complicates Relators' simple story that they took no action. *See* MR30 (contending that the city council performed a ministerial act in codifying the

Ordinance). Because "fact question[s] regarding the jurisdictional issue" persist, the trial court was completely justified in requiring the ordered discovery go forward to clarify the jurisdictional dispute. *See Mission Consol. Indep. Sch. Dist.*, 372 S.W.3d at 635, 643 ("If a fact issue exists, the trial court should . . . allow reasonable opportunity for targeted discovery.") (citation omitted). The trial court therefore did not abuse its discretion as a matter of law.

## II. The State's discovery requests are properly tailored to investigate jurisdictionally relevant facts.

Relators also contend that the scope of the State's discovery requests goes beyond investigation of jurisdictional facts, or at the very least, that such information is not in the record. Relators' Br. at 41–47. This notion is misguided. The discovery requests in dispute are targeted to the primary jurisdictional issues directly raised by Petitioners in their Plea to the Jurisdiction, as laid out below:

1.  The existence of policies, directives, and/or training materials created pursuant to the Ordinance, showing any change in policies while implementing the ordinance.

    Interrogatory Nos. 8,10–17
    Request for Production Nos. 17–20
    Admission Nos. 8–9

2.  Communications with the public or third parties regarding Chapter 21 and any change in policies/enforcement.

    Interrogatory No. 5
    Production Nos. 1–6, 8, 11
    Admission Nos. 10–11

3.  Information on the process used by Denton in adopting/implementing policies and ordinances.

    Interrogatory Nos. 2, 6

13

Production Nos. 13–14

Admission Nos. 2–3, 5

4. Factual basis for defenses (including nonenforcement)/persons knowledgeable of same.

Interrogatory Nos. 3–4

The discovery requests allowed (and in some cases, limited) by the trial court all relate directly to the jurisdictional defenses raised by Petitioners and the trial court did not abuse its discretion in ordering the production of the listed information and documentation.

Likewise, the depositions requested by Texas were both reasonable and directed at uncovering relevant jurisdictional facts underlying the claimed defense by Petitioners. Here, the depositions that Texas noticed were reasonably calculated to discover facts about the Ordinance's adoption and implementation. Texas sought to depose the two persons providing declarations attached to the plea – the City Manager and the Police Chief, plus two city council members involved in the Ordinance vote, plus two senior members of Denton's Police Department. MR434–57. Each of these six deponents presumably possess knowledge concerning the Ordinance's status and implementation, as well as any communications from Denton to the Police Department regarding the effect of the ordinance on police procedure.

The city council members likewise have knowledge about local legislative practices, particularly whether council votes on ballot measures are considered discretionary under Denton's charter. They will also be able to testify concerning

14

communications between council, the City Manager, and the police department regarding the Ordinance and how it was to be implemented.

Further, no legislative privilege applies to these witnesses. When a governmental entity has made allegations about its legislative practices that "place the actions of their representatives at the center of a lawsuit," courts do not allow it to "shield those same representatives from all inquiry by invoking legislative privilege." *In Re TXU Elec. Co.*, 2001 WL 688128 at *1 (Tex. App.—Dallas June 20, 2001, no pet.). Here, Relators are contesting the jurisdiction of this Court by making allegations about the nature of the city council's November 22 vote and the City's subsequent actions. Councilmembers should not be allowed to make factual allegations to support their position, then evade any questions regarding those allegations after creating the need for jurisdictional discovery.

This principle should be even stronger in the present case—one in which even the Relators have admitted that the information requested by Texas would be readily available through a standard Public Information Act request. MR62–64. Despite knowing they would have the duty to produce the requested information to any party asking under that statute, Petitioners refuse to provide any information to the State of Texas. MR381–433.

The requested discovery ordered by the trial court is therefore proper. The Court should uphold the trial court's discovery order compelling responses to Texas's discovery requests; there was no abuse of discretion.

**PRAYER**

The Court should deny the extraordinary remedy sought in City Defendants'
Petition for Writ of Mandamus.

Date: May 14, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Respectfully submitted,

RYAN G. KERCHER
Chief, Special Litigation Division

*/s/ Zachary L. Rhines*
ZACHARY L. RHINES
Special Counsel
State Bar No. 24116957
Zachary.Rhines@oag.texas.gov

KYLE S. TEBO
Special Counsel
State Bar No. 24137691
Kyle.Tebo@oag.texas.gov

COUNSEL FOR THE STATE OF TEXAS

**CERTIFICATE OF COMPLIANCE**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3) and relying on the word count function in the word processing software used to produce this document, I certify the number of words in this document is **3,886** excluding the portions that would otherwise be exempted by Tex. R. App. P. 9.4(i)(1).

*/s/ Zachary L. Rhines*
ZACHARY L. RHINES
Special Counsel

16

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, a true and correct copy of the above and forgoing document has been served via electronic service to all counsel of record.

/s/ Zachary L. Rhines
ZACHARY L. RHINES
Special Counsel

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bonnie Freymuth on behalf of Zachary Rhines
Bar No. 24116957
bonnie.freymuth@oag.texas.gov
Envelope ID: 99711192
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Texas's Responsive Br
Status as of 4/15/2025 4:59 PM CST

Associated Case Party: Gerard Hudspeth

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jose Ede la Fuente | | jdelafuente@lglawfirm.com | 4/15/2025 4:52:05 PM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 4/15/2025 4:52:05 PM | SENT |
| Sydney Sadler | | ssadler@lglawfirm.com | 4/15/2025 4:52:05 PM | SENT |
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 4/15/2025 4:52:05 PM | SENT |

Associated Case Party: City of Denton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy Hoffee | | amy.hoffee@cityofdenton.com | 4/15/2025 4:52:05 PM | SENT |
| Devin Alexander | | devin.alexander@cityofdenton.com | 4/15/2025 4:52:05 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zachary L.Rhines | | zachary.rhines@oag.texas.gov | 4/15/2025 4:52:05 PM | SENT |
| Kyle Tebo | | kyle.tebo@oag.texas.gov | 4/15/2025 4:52:05 PM | SENT |
| Bonnie Freymuth | | bonnie.freymuth@oag.texas.gov | 4/15/2025 4:52:05 PM | SENT |

Associated Case Party: CrystalLevonius

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Laurie DiPierro | | laurie.dipierro@dentoncounty.gov | 4/15/2025 4:52:05 PM | SENT |